In re COOPER BROS.

(District Court, S. D. New York. May 13, 1908.)

1. BANKRUPTCY (§ 386*)—SETTING ASIDE COMPOSITION—GROUNDS.

A bank, which was scheduled as a creditor of bankrupts for $6.800, signed a composition agreement as a creditor for that amount, but subsequently proved a claim for about $2,800; and the composition was confirmed and payment made, and the balance remaining in the hands of the trustee returned to the bankrupts; the bank being treated as a creditor for the amount proved. After the order of composition was made, the bank filed an additional claim for about $4,000, and moved to set aside the composition. There was no fraud in the transaction. *Held*, that the court had no power to set aside the composition, or to change its effect as a discharge, or to charge the trustee with liability, he having complied with the order, whatever remedy the creditor might have against the bankrupts in some other forum.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 606; Dec. Dig. § 386.*]

BANKRUPTCY (§ 387*)—TIME FOR PROOF OF CLAIMS—CLAIMS FILED AFTER COMPOSITION.

After a final order in composition has been made in a bankruptcy proceeding, the referee has no right to receive new claims against the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 607, 610; Dec. Dig. § 387.*]

In Bankruptcy. On motion to set aside a composition, etc.

Robert P. Levis and James N. Rosenberg, for trustee.
Walter T. Kohn, for State Bank.

HOUGH, District Judge. The State Bank was a scheduled creditor for $6,800. It signed the composition agreement as a creditor for that amount, and the figures "$6,800" were put opposite the signature of the attorney in the usual way. The exact date when this was done does not appear; but it was as of September 30, 1907. The first meeting of creditors was opened September 6, 1907, and a trustee elected. On that day, or at any rate before February 6, 1908, the State Bank filed a claim of $2,852.60. On February 6, 1908, a final order in composition was made by which the claim of the State Bank was in effect treated as one for $2,852.60, and no more; that is, enough money was put in the hands of the trustee, as disbursing agent, to pay the amount of the composition on the amount of the State Bank's proved claim.

Payments having been made or tendered on all the claims proven or scheduled and not proved, the balance remaining in the trustee's hands was turned over to the bankrupts. The sum was by the bankrupts immediately turned back to either the trustee or his attorneys for the payment of the expenses of the composition. This appears to me to be perfectly immaterial. In legal effect all the money was spent in accordance with the terms of the order in composition. After the order in composition had been made, the State Bank filed an additional claim for about $4,000. The fact appears to be that the indebtedn⸱

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the bank was in the shape of notes, and that they offered the notes for proof as they matured. Now the bank moves to set aside the composition, or to compel the trustee to find somewhere enough money to pay the composition percentage on the $4,000. I have sought to find some way in which relief could be granted to this creditor; but it appears impossible under the decisions. There was no fraud in this transaction, and therefore the composition cannot be set aside under the express terms of the act.

There was not even a trick, however venial, practiced upon the bank or its attorney. It was assumed that, if one be scheduled as a creditor for a certain amount and filed a claim for a less amount, the claim overrules the schedules. It seems to me that this is a fair presumption. The act of the bank in filing a claim after the final order in composition was entered makes no difference at all in respect of the composition. In fact, the referee had no right to receive the claim. Re Fox (D. C.) 6 Am. Bankr. Rep. 525. In short, for aught that appears on these papers, all parties concerned in offering the composition and drawing the order confirming it would have been justified in considering the schedule debt merged in the claim propounded by the creditor. It does not appear that there was any reservation made or notice given that the claim was but partial. So far, therefore, as the trustee is concerned, he has complied with the terms of a lawful order, and no relief can be obtained against him.

So far as the bankrupts are concerned the order of composition is a discharge upon compliance with its terms, and, as already stated, such terms have been observed. In the absence of fraud, that discharge cannot be set aside. It may be true that the bankrupts evidently considered that they owed the bank $6,800, and not the smaller sum, because they offered notes (which was a part of the composition) on the basis of $6,800. That does not affect the rights of the trustee, who was only bound to observe the order of distribution; but whatever rights the bank may have against Cooper Bros. are not properly before this court. Cooper Bros. have been in effect discharged, and lawfully so. The discharge must stand; but the effect of the discharge is not for this court, as was pointed out in Re Eisenberg (D. C.) 16 Am. Bankr. Rep. 776, 148 Fed. 325.

The motion for relief must therefore be denied in all its parts.