In re WILKENS.

(District Court, E. D. New York. October 19, 1911.)

BANKRUPTCY (§ 387*)—COMPOSITION—RIGHT OF CREDITOR TO PROVE INCREASED CLAIM—LACHES.

Under Bankr. Act July 1, 1898, c. 541, § 14c, 30 Stat. 530 (U. S. Comp. St. 1901, p. 3427), which provides that confirmation of a composition shall discharge the bankrupt from his debts legally covered by the composition, a creditor whose claim was shown on the bankrupt's schedule, and who was given due notice of the offer of composition, but paid no attention to it, and made no proof of his claim, is chargeable with laches, and in the absence of fraud will not be allowed to come in and prove a larger claim, after the composition has been confirmed and he has received his dividend on the amount shown by the schedules.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 387.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of Herman Wilkens, bankrupt. On application of the Pittsburgh Plate Glass Company to prove claim after composition. Denied.

Sidney G. De Kay, for Pittsburgh Plate Glass Co.

William H. Siebrecht, Jr., for bankrupt.

CHATFIELD, District Judge. On February 6, 1911, a voluntary petition was filed, containing a schedule showing, among other unsecured debts, one to the Pittsburgh Plate Glass Company of $101.33. The proceedings were prosecuted diligently and a large number of claims proven. On the 23d day of May, 1911, the referee reported favorably upon an offer of composition which had been made the 29th day of April, 1911. This report allows the claim of the Pittsburgh Plate Glass Company as shown by the schedules, but not substantiated by proof of claim. Notice of the creditors' meeting, of the offer of composition, and of the confirmation of that composition was given under the law to the creditor in question; but no attention was paid thereto, and it was not discovered, until the receipt by the Pittsburgh Plate Glass Company of the amount offered in composition, that the debt admitted by the bankrupt was less than the amount claimed on the creditor's own books. The creditor thereupon presented to the clerk of the court a verified claim for $187.65, and has now made a motion to have the former bankrupt compelled to deposit in court the dividend upon the difference between the sums mentioned.

Inasmuch as a year has not elapsed since the adjudication, the time of filing claims has not expired, and, if the proceeding were open, the matter might still be within the control of the court. But as the bankrupt did everything on his part in apparent compliance with the statute, and as no allegation of fraud is made, the present motion must be denied. The completion of a composition is a discharge from all debts legally covered by the composition. Section 14, subd. "c."

The period specified by section 13 of the bankruptcy law has not elapsed since the confirmation of the composition, and, if any element of fraud exists, the creditor can base an application upon that ground. But the failure to ascertain the amount allowed upon a composition, where notice of the proceeding has been properly given, must be treated as such laches on the part of the creditor as to relieve the bankrupt, if his action be in good faith.