### LUXURY FRUIT CO. et al. v. HARRIS.

#### (Circuit Court of Appeals, Fifth Circuit. October 17, 1914.)

#### No. 2645.

BANKRUPTCY (§ 48*)—POWER OF COURT—UNAUTHORIZED COMPOSITION.

Orders made by a court of bankruptcy in proceedings against a bankrupt corporation, without notice to the corporation or its creditors, or their consent, directing that, on payment into court by a stranger to the proceedings of a sum named, to be used in payment of the claims of unsecured creditors which had been proved up to that time, and costs and fees, the proceedings should stand dismissed and the trustee discharged, and the person making such payment should be subrogated to the rights of the creditors paid, *held* without authority.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 47; Dec. Dig. § 48.*]

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Georgia; Wm. B. Sheppard, Judge.

In the matter of the Luxury Fruit Company, bankrupt. On petition by W. C. Wright, trustee, to revise orders of the District Court in favor of William Henry Harris. Reversed.

The Luxury Fruit Company was adjudged a voluntary bankrupt March 31, 1914. A receiver was appointed for its estate, which consisted principally of a peach orchard, upon which the crop was rapidly maturing. A meeting of creditors was had, and a trustee elected. The respondent Harris had been a tenant of the bankrupt and while in possession as tenant of the company's property had undertaken to have the property sold and himself become the purchaser. This sale was attacked as fraudulent by the company. Harris interfered with the trustee in his management of the property to such an extent that the trustee brought a rule for contempt against him. This was heard before Hon. William B. Sheppard, judge presiding, and an order was passed enjoining Harris from interfering with the trustee, and directing the trustee to file a plenary suit against Harris to remove the cloud upon the title to the property of the bankrupt in his possession. This plenary suit in equity was filed within the time fixed by the order.

Harris applied to the court for a modification of the order passed on the rule for contempt, praying that he should be authorized to give bond in the sum of $5,000, and the property should be turned over to him pending the trial of the plenary suit. At the same time the First National Bank of Fort Valley, claiming to be a secured creditor and to hold certain of the stock of the company as collateral, filed a petition attacking the adjudication in bankruptcy and praying the court to vacate the order adjudging the company a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankrupt, and the election of a trustee, and to dismiss the proceedings. In this petition the bank offered to pay certain of the unsecured debts scheduled by the bankrupt and to satisfy another debt by the surrender of a note which it claimed to hold against the creditor. It made no offer to pay the expenses or costs of the bankruptcy proceeding. A hearing was had, and the court passed an order, April 25th, as follows:

"In the United States District Court for the Southern District of Georgia.
"In the Matter of Luxury Fruit Company, Bankrupt.
"Petition of First National Bank of Fort Valley.

"This cause coming on to be heard upon the petition of the First National Bank of Fort Valley, Ga., a stockholder in said Luxury Fruit Company, alleged bankrupt, and it appearing from the record that the adjudication was made upon a petition which did not disclose that said petitioner was a corporation or individuals, or that the petition was duly authorized by said corporation, and upon consideration thereof, it is ordered that said petitioner have ten days from date hereof to amend said petition as it may be advised, and upon failure to amend in said time said petition shall stand dismissed and the adjudication thereon revoked.

"And it further appearing to the court that an offer of compromise is made by W. H. Harris to pay all unsecured creditors in full of all claims and demands and costs of administration, except attorney's fees, it is further ordered that the referee, upon deposit by said Harris of a sum in cash sufficient to pay all unsecured claims against said estate, and the costs of administration to the date of said compromise, the said referee shall give ten days' notice to said creditors of said compromise offer, and upon said meeting being held after said notice and acceptance. the referee is directed to pay to said unsecured creditors the amounts of their claims and the costs of adminis-tration as provided by law, which said payments shall subrogate said Harris to all the rights and claims of said unsecured creditors against said bankrupt, whereupon the petition in bankruptcy shall be dismissed.

"It is further ordered that the restraining order heretofore granted be and the same is hereby continued in full force and effect until the provisions of this order are fully determined and carried out, but that said W. C. Wright, trustee be and he is hereby directed to enter into bond to Wm. H. Harris in the sum of $12,000, conditioned as trustee of said estate, to indemnify said Harris against all damage which he may sustain by reason of the issuance of this injunction and any misconduct of said Wright, as trustee, under and through said restraining order.

"It is further ordered and adjudged that this order shall not prejudice the Luxury Fruit Company in any right of action commenced or to be instituted by it to set aside and vacate the title to said property acquired by Harris under and by virtue of any foreclosure proceedings instituted by him.

"Ordered and adjudged this the 25th day of April, A. D. 1914.
"Wm. B. Sheppard, Judge."

Within the time provided by the order the bankrupt amended the original bankruptcy petition, so as to meet the objections raised by the petition of the First National Bank, and this amendment was allowed. The trustee also filed the bond, conditioned as provided in the order, with surety, which was approved. No deposit was made by Harris and no notice given to creditors. On May 4th, without any additional pleadings being filed, and without notice to parties or creditors, the judge, apparently on his own motion, passed an order as follows:

"In the United States District Court for the Northern District of Florida.
"In the Matter of Luxury Fruit Company, Bankrupt.
"Wm. C. Wright, Trustee, v. William Henry Harris.

"This cause coming on to be further heard and considered upon the application of William Henry Harris for a compromise in the said cause, it is ordered that, upon a deposit with the referee of this court by the said Harris of the sum of sixteen hundred seventy-one dollars and ninety cents ($1,671.90)

to cover the amount of unsecured claims proved against said estate of said alleged bankrupt, and the further sum of two thousand five hundred dollars ($2,500.00) as a deposit to cover the reasonable cost of administration hereafter to be heard and determined, and to be fixed as the court may be advised, the reasonable commissions to be allowed the trustee, as well as actual operating expenses to be proved, together with a reasonable attorney's fee, including the costs and commissions of the referee and clerk to be hereafter ascertained and allowed, and upon the above provisions being carried out the trustee herein shall stand discharged and the petition dismissed.

"Done and ordered this the 4th day of May, A. D. 1914.

"Wm. B. Sheppard, Judge."

This petition seeks to superintend and revise the orders of April 25 and May 4, 1914.

### The Errors Assigned.

Briefly stated, the 21 assignments of error may be summarized as follows:

First. The order of April 25th is contrary to the Bankruptcy Act and the practice prescribed in bankruptcy cases, and is erroneous:

(a) Because it provided for an irregular composition, not in accordance with the statute, in that the composition was to be made by a third party, not even a creditor, and not by the bankrupt; the bankrupt alone being authorized to submit an offer of composition.

(b) Because no offer of composition or compromise was submitted by Harris, the only offer being by the First National Bank, and that upon entirely different terms from those provided in the order.

(c) Because the compromise was for the benefit of Harris, who was not even a creditor, but with whom the trustee was litigating the title to certain property of the bankrupt without regard to the rights or interest of the bankrupt or any of its creditors.

(d) Because said order provided for the subrogation of Harris to the rights of the creditors whose claims he should take up, without regard to the rights or interest of the bankrupt or of the creditors; no such subrogation being authorized by the Bankruptcy Act.

(e) Because said order wholly disregarded the rights of the secured creditors or of any unsecured creditors who might thereafter prove their claims within the time allowed by law.

(f) Because the procedure provided in the order is wholly unauthorized by the Bankruptcy Act and the general orders promulgated by the Supreme Court.

(g) Because said order, in so far as the same required the giving of a bond by the trustee, is entirely unauthorized by law; the trustee having been directed to bring a plenary suit to cancel a cloud upon the title to the property of the bankrupt in his possession.

(h) Because said order was not in any particular authorized by the pleadings.

Second. The order of May 4th was erroneous:

(a) Because it provided for an unauthorized compromise by a person not a party to the record, save as a defendant in a rule for contempt.

(b) Because there were no pleadings whatever to support said order.

(c) Because the order was passed without regard to the wishes, rights, or interest of the bankrupt or any of its creditors, secured or unsecured.

(d) Because the sums fixed by the court, upon the payment of which the bankruptcy petition was ordered dismissed, were wholly insufficient to pay the unsecured claims and the costs and expenses of the bankruptcy administration.

(e) Because said order provided for the dismissal of the petition and the discharge of the trustee without notice to creditors; such notice being expressly required by sections 58 and 59g of the Bankruptcy Act.

(f) Because the procedure provided in said order is wholly contrary to the provisions and requirements of the Bankruptcy Act.

Orville A. Park and Geo. S. Jones, both of Macon, Ga., for petitioners.

John R. L. Smith, of Macon, Ga., opposed.

Before PARDEE, Circuit Judge, and GRUBB and CALL, District Judges.

PER CURIAM. The orders we are called upon to review were intended apparently to effect a compromise by which the real estate scheduled by the bankrupt corporation would be delivered to the claimant, Harris, upon his paying the costs of court, including the costs of administration by the trustee and attorney's fees, and providing for the payment of unsecured creditors who up to that time had proved their claims, and to result in a discontinuance of the bankrupt proceedings.

The order of April 25th provided that the offer of Harris to pay all unsecured creditors and costs of court and costs of administration, except attorney's fees, should be referred for consideration and acceptance to a meeting of creditors after ten days' notice, which looks somewhat to the composition which is provided for in the Bankruptcy Act; but the subsequent order of May 4th practically vacates the order of April 25th in this respect, dispensing with the creditors' meeting and providing that on compliance by Harris in making deposits to the amount of $4,171.90 the trustee shall stand discharged, and the petition in bankruptcy be dismissed. From our examination of the case, we find no law or authority for either one of the orders. Each seems to be amenable to nearly all the objections urged in the assignment of errors.

It is therefore ordered that the petition to superintend and revise herein be granted, and that the orders of April 25, 1914, and May 4, 1914, in the court below, be reversed; costs to be paid by the respondent.