(164 App. Div. 419)

### COEN v. JAMES et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1914.)

JUDGMENT (§ 641*)—CONCLUSIVENESS.

A composition in bankruptcy was accepted by the creditors. As he was unable to comply with Bankr. Act July 1, 1898, c. 541, § 12b, 30 Stat. 549 (U. S. Comp. St. 1913, § 9596), declaring that, before a composition can be confirmed, money sufficient to pay the consideration for the composition, costs, etc., must be deposited subject to the order of court, plaintiff furnished funds which were deposited in accordance with the statute. Difficulty arising as to the composition, plaintiff stopped payment on her check, and filed a petition with the referee, praying that the trustee be ordered to return it to her. *Held* that, plaintiff having made herself a party to the bankruptcy proceedings, the judgment of the referee denying relief is conclusive, and the state courts will not thereafter entertain an action to recover the deposit from the trustee.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1155; Dec. Dig. § 641.*]

Appeal from Special Term, Kings County.

Action by Mary L. Coen against Peter H. James, individually and as trustee in bankruptcy, etc., and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 163 App. Div. 967, 148 N. Y. Supp. 1110.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

William H. Good, of Brooklyn, for appellant.
Ralph K. Jacobs, of Brooklyn, for respondents.

PER CURIAM. After one Joseph Mayhew had been adjudicated bankrupt in the United States District Court for the District of New Jersey, and the matter duly referred to Mr. George R. Beach as referee in bankruptcy, the defendant James was appointed trustee in bankruptcy, and duly qualified. Terms of composition were then offered and accepted by the creditors. Before, however, a composition can receive judicial confirmation, "the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings," must be deposited in a designated place and "subject to the order of the judge." Bankr. Act 1898, § 12b; General Order 29 (89 Fed. xii, 32 C. C. A. xxviii).

It is alleged that the deposit so required was $4,200, of which the bankrupt could raise but $1,200, so that the plaintiff, who was not a creditor, advanced $3,000 by her certified check, made payable to the order of her husband and indorsed by him to the order of the de-

fendant James, to be held subject to various conditions, but to be returned if the composition offer should not be confirmed by the court by July 31, 1911. Some controversy afterward arose, and the plaintiff stopped payment of this check. She subsequently presented to the referee in bankruptcy a verified petition, together with affidavits, claiming that the terms of her deposit had not been kept, and praying that the trustee be ordered to return it to her. The referee heard the matter on affidavits, and, indeed, appears to have offered to take oral proof as to the issues thus raised, which the petitioner's counsel waived, and consented that the proofs be by affidavits. Eventually the referee refused the application by his order denying the relief sought.

The plaintiff then brought the present suit, joining as a defendant the Commercial Trust Company, on which her check had been drawn. The trustee, Mr. James, first obtained from the referee in bankruptcy an order staying the present suit, which restraining order, however, was set aside and vacated by the District Judge for the District of New Jersey. The defendant James answered with the plea of res judicata, which was sustained by the learned justice at Special Term, from which plaintiff has appealed.

The plaintiff's check was deposited as the basis for the proposed composition. It was therefore a statutory proceeding in the bankruptcy matter pending before the referee in bankruptcy. It would be an extraordinary interference for another tribunal to direct a trustee in bankruptcy as to his duties. At the time of her deposit, the plaintiff came into and made herself party to the bankruptcy proceedings. It follows that plaintiff's right to get back this check, having been submitted to, and passed upon adversely by, the referee in bankruptcy in a matter within his jurisdiction, is not open to review in this court.

The judgment sustaining defendant's plea of former adjudication is therefore affirmed, with costs.