---

### In re FOX.

(District Court, E. D. New York. April 10, 1915.)

BANKRUPTCY ⚖⇒380—OFFER OF COMPOSITION—PROCEEDINGS.

The purpose of Bankr. Act, July 1, 1898, c. 541, §§ 12, 58, 30 Stat. 549, 561, as amended by Act June 25, 1910, c. 412, §§ 5, 9½, 36 Stat. 839, 841 (Comp. St. 1913, §§ 9596, 9642), providing that a bankrupt may offer, either before or after adjudication, terms of composition, after, but not before, he has been examined, and that in compositions before adjudication the bankrupt shall file the required schedules, and the court shall call a meeting of creditors for the allowance of claims and examination of the bankrupt, and declaring that creditors shall have at least 10 days' notice of hearings on applications for confirmation of compositions, meetings of creditors, etc., is to shorten the time necessary in cases of honest composition, and do away with the necessity of waiting for adjudication,

---

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

first meeting, and subsequent notice of the meeting to prove claims, and of offer of composition, and an offer may be presented at the first meeting of creditors and the examination of the bankrupt, provided that notice that the offer will be made and considered is given to the creditors who may wish to prove their claims or participate in the election of a trustee, and their rights are not affected, unless they wish to oppose the composition and make sure that their claims are presented and allowed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 577; Dec. Dig. ☞380.]

In Bankruptcy. In the matter of William Fox, bankrupt. Proceedings for approval of composition. Offer of composition rejected.

Harold Remington, of New York City, for objecting creditors.

Virgil Guernsey, of Jamaica, N. Y., and Lesser Bros., of New York City, for other creditors.

Blau, Zalkin & Cohen, of New York City (Maurice P. Davidson, of New York City, of counsel), for bankrupt.

CHATFIELD, District Judge. The alleged bankrupt conducted a shoe store and made an assignment for the benefit of creditors, which was followed in a very short time by an involuntary petition in bankruptcy. The assignee has remained in possession of the bankrupt's property, and, apparently without specific authority of this court, has allowed the bankrupt to proceed with the conduct of his business, upon the assumption that a composition was to be offered and that the creditors, generally, were in favor thereof.

The record shows that the bankrupt's property at all times was sufficient to pay 30 or 35 per cent. of his debts, if not more than that amount, and even after the lapse of time which has been consumed by these proceedings, there would seem to be sufficient stock to produce an amount equal to that which the creditors would receive under the composition, if the composition were paid in full.

The offer of composition was 10 per cent. cash and 15 per cent. in notes, these notes to be indorsed by a member of the bankrupt's family, who seems to have no great amount of property which would furnish security to the creditors, although he seems to be abundantly able to assist the bankrupt in carrying out the composition, if he and the bankrupt continue in their desire to do so.

It appears that about the time the petition was filed a meeting of creditors, some of whom had been in consultation prior thereto, discussed the offer of the bankrupt to pay 25 cents on the dollar and agreed thereto. As it subsequently turned out, the creditors making this agreement comprised a majority both in number and amount, even though some of the claims might be attacked or their amount reduced.

The creditors who did approve of the composition signed a written acceptance of the proposed offer. Subsequently adjudication was had, and the bankrupt filed his schedules and arranged for a first meeting of creditors. In connection with this first meeting, the referee in bankruptcy sent out a notice to the effect that a meeting would be held on

the 15th of December, 1914, to consider an offer of composition made by the said bankrupt of 25 per cent., for the examination of the bankrupt, filing of claims, etc.

At this meeting of creditors opportunity for the election of trustee and examination of the bankrupt was given, and thereafter the formal offer of composition was presented to the creditors, on behalf of the bankrupt, and their opinion thereof noted by the referee, who reported to the court that a majority in number and amount favored the composition, and also reported the claims proven.

The bankrupt thereafter deposited the 10 per cent. in cash and the incomplete notes (the date being left to be filled in when determined), and after proper advertising and notice to all creditors a hearing for confirmation was had. At this hearing objections were made and specifications filed by certain creditors, who comprised a considerable proportion both in numbers and amount of the merchandise creditors of the estate, and who are entitled to careful consideration of their objections, because of the nature of the difference of opinion which has arisen. The specifications of objection, 14 in number, were referred for hearing, and the special commissioner has reported that 4 of them should be sustained as sufficient to overthrow the composition offer.

We can disregard the specifications of objection not sustained by the commissioner, which include failure to keep books, concealment of property, and the giving of false testimony in certain particulars.

The last 2 of the 4, which he sustains, charge that the offer of composition was not properly made under the bankruptcy statute, and could not be considered for the reason that the bankrupt did not wait until the first meeting of creditors, and after examination in open court had been completed, to present his offer of composition and to send out a 10 days' notice of a meeting to consider that offer.

Argument upon this point has been made at considerable length, but a consideration of the statute simplifies the matter. The law as originally passed provided, in section 12:

(a) "A bankrupt may offer * * * terms of composition to his creditors after, but not before, he has been examined in open court, or at a meeting of his creditors, and has filed" schedules, etc. "(b) An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration," etc., deposited. "(c) A date and place," etc., "for the hearing upon each application to confirm shall be fixed. (d) The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors," etc.

The law provided that claims could be proven within one year, and by section 58 creditors were to have 10 days' notice (1) of all examinations; (2) of all hearings upon applications for the confirmation of compositions; (3) of all meetings of creditors, it being evident that the year within which claims could be proven could not be shortened for the "purpose of considering a composition," without giving notice to those creditors who might wish to file their claims and vote upon the question of composition.

The Supreme Court provided by form 60 for a notice to be given by the bankrupt, reciting the fact that a composition had been offered,

and praying for a meeting of creditors to act upon the proposition for a composition.

It is evident that the real purpose of this meeting of creditors was to give opportunity for the creditors to put themselves in a position to be recorded for or against the composition, and to prove their claims, in case question was raised as to those claims as scheduled. The ordinary procedure would be the presentation of the offer of composition at the regular first meeting of creditors, and then the sending out of a further notice for a meeting to take up the offer of composition. After the report thereon, with the allowance of claims, form 61 would be used by the bankrupt, to show that he had complied with the statute, and to ask the court to proceed under the provisions of section 12 (c) above stated.

It soon became evident, in administering the Bankruptcy Law, that the delay required for the return of the subpœna and the entry of an order of adjudication, the filing of schedules, and the calling of a first meeting, when followed by 10 days' notice of hearing to consider the offer of composition, and then with 10 days' further notice of the confirmation, created unnecessary delay and expense, in cases where no prolonged investigation or litigation was necessary.

Relief was had in two ways: (1) By the amendment of the act, which will be stated subsequently; and (2) by giving notice to the creditors in advance that the bankrupt would present an offer of composition as soon as he was entitled to under the law, thus notifying them that, if they wished to have the standing of creditors whose claims had been proven before the offer of composition was considered, they should present their claims or see that their claims were admitted by the bankrupt at the proper amount before the offer of composition was considered.

There is nothing in the statute requiring notice of the offer of composition as such, nor is there anything which would prevent any creditor from approving or consenting to an offer of composition at any time, whether before or after it has been presented to the court. There is nothing in the law which would require any meeting of creditors to consider the composition offer, until it comes up for confirmation, except that, as has been said, the creditors are entitled to an opportunity (after 10 days' notice of the proposed compromise) to present their claims, and inasmuch as the certificate of the referee (that the bankrupt has not been guilty of any acts or failure to perform duties such that he would not be entitled to a discharge) is necessary, it would appear that at least 10 days' notice of the time when the referee proposed to make this certificate, in which to fix the status of the claims that might be voted upon the composition, should be had.

The other change came by Act June 25, 1910, which provides that section 12, subd. (a), of the Bankruptcy Law should be amended to read as follows:

The "bankrupt may offer either before or after adjudication terms of composition to his creditors, after, but not before, he has been examined," etc. "In compositions before adjudication the bankrupt shall file the required schedules, and thereupon the court shall call a meeting of creditors for the allowance of claims, examination of the bankrupt, and preservation or conduct of estates," etc.

It will be seen that the amendment to the first part of the statute was accomplished by the forcible interjection of the words "either before or after adjudication," without reference to their effect upon the balance of the sentence. Whatever effect was accomplished must therefore have been intended. The idea of Congress in providing that a bankrupt can offer a composition before adjudication, but after he has been examined in open court, and that upon filing schedules and suggesting a composition the court shall call a meeting for such examination, shows rather clearly that the words "after but not before he has been examined in open court" (while not repealed) were made to mean that the bankrupt might advance the time of examination and thereafter might present at once the offer of composition. Thus the purpose of Congress was plainly to shorten the time necessary in cases of honest composition, and to do away with the necessity of waiting for adjudication, first meeting, and subsequent notice of the meeting to prove claims and of the offer of composition. Such being the purpose of the amendment, it would be unwise for the court to so interpret the law that a composition offer *after* adjudication must suffer an unnecessary burden. The argument of the objecting creditors, that all safeguards suggested by the statute, and all possibility of investigation and examination, should be extended rather than cut down, does not persuade the court that unnecessary delay should be caused. On the other hand, all saving of time is desirable, unless objection is made by some one, or unless suspicion is aroused by the circumstances of the cases, and then all necessary time for investigation should be granted, in the cases where investigation is needed, rather than in those where it is not.

For these reasons, it cannot be held that the first specifications upon which the commissioner has based his recommendation that the composition be disapproved are well founded. The offer of the bankrupt and the approval of certain creditors were matters which, unless the approval was withdrawn, could be presented as soon as the first meeting and the examination of the bankrupt had been completed. Notice that the offer would be made and considered, and that those who might wish to prove their claims and be sure of their position, or participate in the election of a trustee, could attend, was sufficient to protect them in their rights, and, as a matter of fact, their rights would not be affected unless they wished to oppose the composition and to make sure that their claims were presented and allowed.

It is not necessary to go into the merits of the other grounds stated by the commissioner. They are findings of fact, and there is testimony tending to support the findings, and they will be confirmed. He has found that false testimony was given, and that the offer is not to the advantage of the creditors. The offer apparently contemplates payment of 10 per cent. in cash within 30 days after the confirmation of composition. If this could have been carried out, and if the business has been kept open in the meantime, the evidence showing that the property on hand would more than equal the amount to be paid creditors under the composition, makes it plain that the composition is not to the best interests of the creditors unless the payment offered be made substantially in cash.

The commissioner has reported that, if a cash offer of 25 per cent. be made, he would consider the amount sufficient to justify a finding that the composition was for the best interests of the creditors. The bankrupt should make a new offer of composition, and remove the objections raised by the special commissioner after a deposit of the total amount in cash, if he is so advised.

The recommendation will be confirmed, and the present offer of composition rejected.