### In re LAUBHEIM BROS., Inc.

Circuit Court of Appeals, Second Circuit.
December 5, 1927.

No. 45.

1. **Bankruptcy ⟨key⟩458—Jurisdiction of referee in bankruptcy to order payment under composition may be raised sua sponte.**

Question of jurisdiction of referee in bankruptcy to order payment of a new claim by person furnishing money for composition can be raised by court sua sponte.

2. **Bankruptcy ⟨key⟩378—Deposit under composition must be fixed with reference to scheduled debts.**

Composition offering a percentage payment of all debts requires that amount deposited must be fixed with reference to amount of debts scheduled by bankrupt, even though they have not been proved and allowed.

3. **Bankruptcy ⟨key⟩387—Person furnishing money to pay creditors under composition cannot be required to pay claim proved after order of confirmation (Bankr. Act, §§ 7, 12 [11 USCA §§ 25, 30]).**

Where money and credit to effect composition to creditors under Bankruptcy Act, § 12 (11 USCA § 30), was furnished by a third person, the referee in bankruptcy and District Court were without jurisdiction, after confirming the composition, to require person furnishing money to pay a claim thereafter proved in amount greater than appearing in bankrupt's schedules filed in accordance with section 7 (11 USCA § 25).

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Laubheim Bros., Inc. From an order of the District Court, dismissing a petition to review an order of the referee in bankruptcy, and confirming such order, Charles Newmark appeals. Reversed in part, and appeal dismissed as to part.

Julius D. Tobias, of New York City, for appellant.

Kopp, Markewich & Null, of New York City (Samuel Null, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge. After adjudication the bankrupt offered terms of composition to its creditors, and an order was entered June 5, 1926, confirming the composition. The precise terms of the offer of composition are not disclosed, but the appellant, Charles Newmark, supplied cash and his notes to make possible the composition, and the same were deposited with the court before the order of confirmation was entered. Thereafter, and within a year after adjudication, the appellee, Ralph Wein, whose name appeared upon the bankrupt's schedules as a creditor in the sum of $450, filed with the referee his proof of debt in the sum of $4,500. Notice thereof was given to the trustee in bankruptcy and to Newmark, and the latter thereupon filed with the referee what he designates as a petition to expunge Wein's proof of debt. After a hearing, the referee entered an order which directed (1) that Newmark's motion to expunge the claim of Wein be denied; (2) that Wein's claim be allowed in the sum of $4,500; and (3) that Newmark pay Wein, or his attorneys, $900 in cash, and three notes for $300 each, payable 6, 9, and 12 months, respectively, after June 5, 1926. This is the order which the District Court confirmed, and the correctness of which is questioned by this appeal.

The theory upon which the referee acted is shown by the following quotation from his certificate to the judge:

"I denied the motion without rendering any written opinion, being of the opinion that the said Newmark, in depositing money for the purposes of a composition, was bound to deposit sufficient to pay the cash to all creditors whose claims should be filed and allowed, regardless of the amount of claims shown by the bankrupt in his schedules, and I was further of the opinion that it was proper to allow the filing by Ralph Wein of his claim herein, under the decision in the Matter of Watman, Konopolsky & Bernstein (D. C.) 291 F. 886, 1 Am. Bankr. Rep. (N. S.) 331."

[1] The only assignment of error is that "the court erred in holding that a creditor, who received due notice of composition and filed no proof of claim, can, after composition is effected, come in and file a claim on the ground that the schedules did not contain the correct amount of his claim." This assignment does not question the jurisdiction of the referee to order Newmark to pay money and notes to Wein. Nevertheless the question of jurisdiction is one which the court may raise sua sponte. See Garvin v. Kogler, 272 F. 442 (C. C. A. 3); In re Garneau, 127 F. 677 (C. C. A. 7). We shall therefore consider it.

The provisions of the Bankruptcy Act declare that "a bankrupt may offer, either before or after adjudication, terms of composition to his creditors." He cannot make such offer, however, until he has been examined in open court, or at a meeting of his creditors, and "has filed in court the schedule of his property and the list of his creditors required to be filed by bankrupts." Section 12a (11 USCA § 30). The list referred to is that required by section 7a, cl. 8 (11 USCA § 25), and must show the amount due each creditor. The better practice requires that the offer be submitted to a meeting of creditors specially called for that purpose. Official Bankruptcy Form No. 60; Remington, Bankruptcy (3d Ed.) § 3075. At such meeting, no doubt, a creditor could object to an error in the schedules listing his debt. See In re Fox (D. C. N. Y.) 222 F. 135, 138. After the offer of composition has been made, two steps must be taken before an application for its confirmation may be filed: (1) To procure acceptance in writing by creditors representing a majority in number and amount of claims which have been allowed; and (2) to deposit, subject to the order of the judge, the consideration to be paid by the bankrupt to his creditors and the money necessary to pay costs of the proceedings and all debts which have priority. Section 12b.

[2] Compositions usually offer a percentage payment of all debts, and in such case the amount of the deposit required must be fixed with reference to the amount of the debts scheduled by the bankrupt, even though they have not been proved and allowed. In re Atlantic Construction Co. (D. C. N. Y.) 228 F. 571; Nassau Works v. Brightwood Co., 265 U. S. 269, 44 S. Ct. 506, 68 L. Ed. 1013. When the application for confirmation is filed, the court fixes a date and place for a hearing upon it and upon such objections as may be made to confirmation. Section 12c. Paragraph (d) provides the conditions upon which the judge shall confirm the composition, and paragraph (e) declares that upon confirmation, "the consideration shall be distributed as the judge shall direct, and the case dismissed."

It may well be doubted whether, after

confirmation of the composition, even the bankrupt, if he has deposited all the court required as a condition to confirmation, could be ordered to add to his composition deposit, or to pay an additional sum to a creditor whose claim had been scheduled in good faith for too small an amount. See In re Abrams & Rubins (D. C. N. Y.) 173 F. 430, where such order was denied to a creditor whose claim was not scheduled; In re Wilkens (D. C. N. Y.) 191 F. 94, where the claim was scheduled. Compare In re Watman, Konopolsky & Bernstein (D. C. N. Y.) 291 F. 886, where the schedule did not extend the amount of the creditor's debt. In the last-named case the bankrupt was ordered to increase his deposit, but the court said (page 889):

"Had his [the creditor's] claim been extended at a stated amount, the order might have concluded him, even though the notice did not reach him. As it is, however, he was charged with notice only of the schedules, and those informed him that his claim was recognized. This could only mean recognized at its proper amount. Hence there was no sum at which the order could conclude him. Pro tanto the composition remained incomplete. It may now be completed."

In re Siegel, 256 F. 226 (C. C. A. 2), held that, after confirmation of a composition, the court could not modify its terms by striking out, on the bankrupt's motion, one of the items he had agreed to pay. In that case it was said:

"On confirmation of a composition the estate vests in the bankrupt and the jurisdiction of the bankruptcy court comes to an end, * * * except that under section 13 of the Bankruptcy Act [11 USCA § 31] * * * a party in interest may move to set aside the composition within six months 'if it shall be made to appear upon a trial that fraud was practiced.' * * * "

A dictum to the same effect is found in In re Mirkus, 289 F. 732, 733, 31 A. L. R. 435 (C. C. A. 2). The opinion in Matter of Isidor Klein, Inc., 22 F.(2d) 906, handed down this day, does not impugn these authorities; it deals with the problem of jurisdiction over the bankrupt when he has not deposited all the consideration the court required as a condition to confirmation of the composition.

[3] But we need not decide whether or not the referee would have had jurisdiction to direct an order against the bankrupt. Newmark was not the bankrupt. So far as appears he had no relation to the proceedings, except that he had lent the bankrupt cash and credit (notes) to enable it to make the required deposit. True, it is stated in an affidavit that Newmark had petitioned the court to be "allowed to deposit the money necessary to put through the composition." Perhaps this might have given the court power, prior to confirmation of the composition, to compel him to provide the deposit had he tried to withdraw his offer (see Coen v. James, 164 App. Div. 419, 150 N. Y. S. 202), though the statute states the bankrupt shall make the offer, and at least one court has said that an offer by another is unauthorized. See Luxury Fruit Co. v. Harris, 217 F. 740 (C. C. A. 5). Cf. In re Bryer, 287 F. 123 (C. C. A. 2). But, however that may be, we see no possible basis for jurisdiction to make an order upon Newmark after confirmation. The amount necessary to be deposited was determined by the judge from the schedules and such claims as may have been allowed prior to confirmation; that sum Newmark supplied for deposit, and there is nothing in this record to indicate that he assumed any obligation to the bankrupt, or made any representation to the court committing himself to supply more than the judge should require as a condition to confirming the composition. We are satisfied that, under the circumstances disclosed, the referee and the court were without jurisdiction to make so much of the order as is directed to Newmark. Compare In re Cooper Bros. (D. C. N. Y.) 166 F. 932, holding that, where the distributing agent had paid out the consideration deposited, the court had no power to compel him to find money to pay the composition percentage to a creditor who by mistake had filed his claim for a less amount than shown on the bankrupt's schedules. The District Court erred in confirming that portion of the referee's order which directed Newmark to pay, and to that extent the order of the court is reversed.

As to the rest, Newmark has no interest in whether Wein's claim is allowed or not. He has no interest in how the court distributes the deposit nor in Wein's rights against the bankrupt, even if it be assumed that the referee had jurisdiction to allow the claim, and that its allowance will affect the distribution or rights of Wein against the bankrupt. We express no opinion as to what effect, if any, the allowance may have. See In re Ennis (D. C. N. Y.) 183 F. 859; Nassau Works v. Brightwood Co., supra; In re Cooper Bros., supra.

So far as the order denies Newmark's motion to expunge, and allows the claim, the appeal is dismissed.