BAKER CLOTHES, INC., Plaintiff, *v.* T. WINTER MILLER, Defendant.

Supreme Court, Special Term, Onondaga County, September 8, 1955.

*Murphy & Young* for defendant.

*A. S. & S. S. Cohen* for plaintiff.

DEL VECCHIO, J. This is a motion to dismiss the complaint upon the ground that a prior adjudication in Bankruptcy Court conclusively bars the plaintiff from asserting the cause of action pleaded in the complaint.

The complaint alleges that plaintiff delivered to defendant on consignment certain merchandise of the value of $3,115.18; that defendant sold a portion of said merchandise to an invoice value of $2,232.61 and returned the unsold portion; that defendant refused to pay the sum of $2,232.61 after demand.

The answer and supporting affidavits set forth that defendant filed a petition in bankruptcy listing said amount as a general, unsecured claim and was duly adjudicated a bankrupt; that plaintiff filed with the Referee a preferred claim in the amount of $2,232.61 and presented proof attempting to establish that it was based upon a sale of consigned merchandise entitling plaintiff to receive the sum demanded, on the theory that said sum was held by defendant as a trustee and was not the property of the defendant. The Referee, however, after hearing the evidence and arguments of counsel held that the claim was not based upon a transfer of merchandise by consignment, to support the claim that said sum constituted trust funds, but was a general, unsecured claim and allowed it as such. No appeal was taken from that decision; plaintiff accepted its distributive share of the bankrupt's estate and defendant's discharge was granted.

The question is whether the plaintiff, having litigated the claim in Bankruptcy Court, is precluded from maintaining the present action.

This court is of the opinion that defendant filed the petition in bankruptcy and transferred all his assets to the trustee, including the sum of $2,232.61 which plaintiff claims were trust funds, so that he would be discharged of all his debts and have a new start.

The Referee had power to determine whether plaintiff was entitled to proceeds of the sale of consigned merchandise and if he so found the plaintiff would have received the sum of $2,232.61, the distributive share would have been reduced and defendant would have been discharged of that obligation. He should not now be confronted with an action in the State courts

based upon the same theory as has already been litigated, merely because the plaintiff was not successful in Bankruptcy Court.

Plaintiff has had its day in court and an opportunity to establish its position as a consignor and holder of a preferred claim against the estate of the bankrupt. " State courts are bound by the doctrine of res judicata with respect to a referee's allowance or disallowance of claims, and may not review, revise, or reverse it, or permit it to be collaterally attacked." (5 Remington on Bankruptcy, p. 481; *Coen* v. *James,* 164 App. Div. 419.) If plaintiff was dissatisfied with the adjudication made by the Referee, it had a remedy available in Bankruptcy Court to review that determination. Having failed to pursue that remedy, it may not in this forum relitigate the question which has already been decided.

The motion to dismiss the complaint is granted.

Order accordingly.