the appellants is equitable. By granting it, no injustice can result to any interested party. The respondents presumably have the funds in their possession as executors with which to credit the estate which was in their hands as trustees with the amount which had been improperly taken from the trust funds and used for the purposes of the general estate.

The conclusion is reached that the order appealed from should be modified so as to provide that the account of the respondents as trustees be corrected by disallowing the items of $359.68 and $85.02, and directing that such sums be paid to the appellants; and as so modified the order is affirmed, with $10 costs and disbursements to the appellants, payable out of the money of the estate other than trust property. All concur, except HISCOCK, J., not voting.

---

BLOOMINGDALE v. LUCHOW et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. COSTS—DISCONTINUANCE OF ACTION.
    Where plaintiff is permitted to discontinue, costs should be awarded only to the defendants opposing the discontinuance.

2. SAME—DEATH OF DEFENDANT—APPEARANCE OF ATTORNEY.
    The death of a defendant does not relieve plaintiff of such costs, where such defendant's attorney was served with notice, and appeared and opposed the motion.

Appeal from special term, New York county.

Action by Lyman G. Bloomingdale against August Luchow and others. From an order permitting plaintiff to discontinue action, plaintiff and defendants appeal. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and LAUGHLIN, JJ.

S. L. Samuels, for appellant.
Henry Schmitt, for respondents.

PER CURIAM. This order should be modified by confining the award of costs to the only defendants opposing the motion, namely, August Luchow, Richard Stein, and Charles H. Lellman. It is true the latter died, but his attorney was served with notice, and appeared and opposed the motion.

As so modified, the order should be affirmed, without costs of this appeal.

---

(70 App. Div. 46.)

STANDARD NAT. BANK OF CITY OF NEW YORK et al. v. GARFIELD NAT. BANK et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

FRAUDULENT CONVEYANCE—CREDITORS OF TRANSFEREE—EXECUTION SALE.
    A fraudulent conveyance being voidable only at election of the transferror's creditors, and vesting in the transferee a leviable title, proceeds of the property obtained by the creditors of the transferee on execution sale, before proceedings by the transferror's creditors to rescind the transfer, cannot be reached by the latter.

Appeal from special term.

Action by the Standard National Bank of the City of New York and another against the Garfield National Bank, impleaded with others. From judgment dismissing the complaint as to defendant bank, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, and LAUGHLIN, JJ.

H. H. Walker, for appellant Standard Nat. Bank.

Henry B. Twombly, for appellant National Broadway Bank.

John J. Adams, for respondent.

INGRAHAM, J. Upon the former appeal in this action, when a judgment in favor of the plaintiffs was reversed, we held that the defendant the Garfield National Bank could not be compelled to account for the money realized upon an execution issued on a judgment against Macfarlane & Co., upon the ground that goods in the possession of Macfarlane & Co. upon which the execution was levied, the legal title to which had been transferred to that firm by the Silk Label Company, had been transferred in fraud of the corporation creditors, no action having been taken to avoid the transfer at the time of the sale under the execution and the payment of the proceeds thereof to the Garfield National Bank. The reasons for our conclusion are stated in the report of the decision. 56 App. Div. 43, 67 N. Y. Supp. 472. We can see no difference between the facts upon which that judgment was based and the facts developed upon this trial. The plaintiffs have attempted to reargue the questions there determined upon this appeal, but after a re-examination we see no reason to change the views before expressed. Upon the trial the plaintiffs conceded that whether or not the assignment of Macfarlane & Co. to Richardson was fraudulent does not affect the case so far as the plaintiffs are concerned, and this concession is an answer to the position now taken by the plaintiffs as to the effect of the assignment to Richardson. The plaintiffs, however, do not claim through Richardson. Their claim is as creditors of the Silk Label Company, and as such creditors they must establish their right to compel the Garfield Bank to repay the money that it received in payment of its debt from Macfarlane.

A transfer of property by a debtor, fraudulent as to creditors, is not void ab initio, but voidable only at the election of the creditors of the vendor. The title to the property passes, and the vendee has a title which he can transfer, and which is subject to levy and sale at the suit of his creditors. When the execution of the Garfield National Bank judgment against Macfarlane & Co. was issued, Macfarlane & Co. had, as against the Silk Label Company and its creditors, the legal title to the property transferred. The assignment to Richardson was alleged to be fraudulent as to Macfarlane & Co.'s creditors, and the Garfield National Bank, acting upon that assumption, directed the sheriff to levy upon Macfarlane & Co.'s property. That levy was made, the goods of Macfarlane & Co. that they had transferred to Richardson were sold, and the proceeds paid to the Garfield National Bank. Neither the Silk Label Company nor their

creditors had up to that time elected to avoid the transfer of the property of the Silk Label Company to Macfarlane & Co. Assuming that the assignment to Richardson was void, Macfarlane & Co. had a leviable interest in the property, and it was that leviable interest of Macfarlane & Co.'s upon which the sheriff levied under the Garfield Bank judgment. That was what he sold under the levy, which produced the money that was paid to the Garfield National Bank. Subsequently, when the creditors of the Silk Label Company sought to set aside the transfer from the Silk Label Company to Macfarlane & Co., the Garfield National Bank had in its possession none of the property of the Silk Label Company, nor had it ever in its possession any of the property of that company. It is impossible to see upon what principle the Garfield National Bank could be held accountable for the value of any property of the Silk Label Company which had been transferred by a voidable transfer to Macfarlane & Co. It had a right to levy under its judgment against Macfarlane & Co. upon the goods and property of Macfarlane & Co., and that it did. The proceeds of a sale of the property of Macfarlane & Co. under such a levy having been paid to the Garfield National Bank in satisfaction of its judgment against Macfarlane & Co., such proceeds could no more be reached by the creditors of the Silk Label Company than could money which Macfarlane & Co. had realized from a sale of the goods transferred to them by the Silk Label Company, and which they had subsequently paid to the bank as a payment of their indebtedness. In either case the money was the proceeds of goods to which Macfarlane & Co. had the legal title, and which had been received by the Garfield National Bank from Macfarlane & Co. in payment of its debts. There could be no difference in principle whether Macfarlane & Co. had actually sold the goods and paid the proceeds to the bank, or whether the bank under an execution had levied upon the goods, and the goods had been sold by the sheriff, and the proceeds thereof paid by the sheriff to the bank. In either case, the bank had received in payment of its debts money realized from the sale of goods to which Macfarlane & Co. had the legal title. A different question would have been presented had Macfarlane & Co. turned over to the bank the goods that it had received from the Silk Label Company, and it is not necessary to determine upon this appeal what would have been the rights of the creditors of the Silk Label Company in that situation. The proceeds realized at the sale of Macfarlane & Co.'s interest in that property did not stand in the place of the goods sold which would entitle the creditors of the Silk Label Company to follow such proceeds into the hands of the bank. The rule to be applied, as I understand it, is that stated in Justh v. Bank, 56 N. Y., at page 484:

"In the absence of trust or agency, I take the rule to be that it is only to the extent of the interest remaining in the party committing the fraud that money can be followed as against an innocent party having a lawful title founded upon consideration, and that if it has been paid in the ordinary course of business, either upon a new consideration or for an existing debt, the right of the party to follow the money is gone."

The subject is exhaustively examined in Hatch v. Bank, 147 N. Y. 184, 41 N. E. 403, and upon the principle there established I cannot

see that there is any difference in the application of the rule, because the money that was received by the creditors was realized upon a sale of property in the hands of the debtor, and in which he had a leviable interest, and paid to the creditor by the sheriff as the proceeds of the debtor's property, rather than money realized by the debtor himself from the sale of the property. That the debtor obtained the property from which the money was realized by fraud gave the vendor or his creditor the right to rescind the transfer, but until such rescission the vendee remains the owner of the property; and if during that time it is sold, and the proceeds paid to a creditor of the vendee, the debt on account of which such money has been paid is satisfied, and the money becomes the absolute property of the creditor; and, upon the payment of the proceeds of the sale by the sheriff to the Garfield Bank, Macfarlane & Co.'s debt to the bank was paid, and the money became the property of the bank.

For the reasons stated upon the former appeal, and to which attention is now called, we think that, upon both principle and authority, the plaintiffs, as judgment creditors of the Silk Label Company, had no claim against the Garfield National Bank.

The judgment should therefore be affirmed, with costs. All concur.