GRACE E. LOWENDAHL and Others, Plaintiffs, *v.* L. VAN BOKKELEN, INC., Defendant.

Supreme Court, New York County, March 10, 1931.

*Neil P. Cullom* [*Henry W. Steingarten* on the brief], for the plaintiff.

*Wing, Lakin, Russell & Whedon* [*Burt D. Whedon* of counsel], for the defendant.

MITCHELL, J.   This action is brought by plaintiff on behalf of herself and such other creditors of Libertus Van Bokkelen and Walter Van Bokkelen who may come in, to set aside as void and fraudulent as to creditors the sale of a large business by Walter Van Bokkelen to L. Van Bokkelen, Inc., a Maryland corporation organized to take over the assets, but not to assume the liabilities, of the business.

On November 1, 1929, the defendant L. Van Bokkelen, Inc., organized for the purpose, received from Walter Van Bokkelen a bill of sale transferring to the defendant all of the said business theretofore conducted by him and by the deceased, Libertus Van Bokkelen, with good will, trade-marks, trade names, contracts and open accounts.   Defendant paid to said Van Bokkelen for the transfer $275,998.07 in cash and 14,700 shares of the common stock of defendant.

Plaintiff alleges that the defendant did not within five days prior to the purchase and sale give notice to the plaintiff or her assignor, and completely failed to comply with section 44 of the Personal Property Law (as amd. by Laws of 1914, chap. 507).   It is further alleged that the transfers were not made in the ordinary course of business, and were made when Walter Van Bokkelen and the estate were whol y insolvent, and with intent to hinder and delay and defraud the creditors.   The plaintiff recovered on May 14, 1930, a judgment against the administratrix of the goods, chattels and credits of Libertus Van Bokkelen, deceased, and Walter Van Bokkelen for the sum of $211,782.56.

On May 16, 1930, Walter Van Bokkelen filed a voluntary petition in bankruptcy showing liabilities $490,000, and assets, a promissory note in the sum of $2,000, and on that day he was duly adjudicated a bankrupt.

The transfer by the temporary administrator of the estate of Libertus Van Bokkelen, deceased, in December, 1929, of the furniture and office equipment in New York city, was without the authorization or permission of the surrogate.

As to the first claim of plaintiff alleging a complete failure to comply with section 44 of the Personal Property Law, the defendant on the trial made no claim of compliance with the terms of the statute.

As to the further claims of plaintiff, I am satisfied by the proof submitted that both Walter Van Bokkelen and the estate of

deceased were insolvent at the time of the transfers, and that they were made with the intent to hinder, delay and defraud the creditors. The defendant had, through the negotiations prior to the final transaction, detailed knowledge of the circumstances of the estate and the business. Walter Van Bokkelen was named as defendant's president. It seems incredible that in so large a transaction none of the parties gave a thought to the claims of creditors. It was not by accident but by design. The usual form of decree will not in this case give plaintiff the relief to which she is entitled, as the transfer to defendant was made November 1, 192ⁿ, and was of a going business of such a nature as to make a retransfer impossible. Under the particular circumstances of this case, plaintiff is entitled to judgment declaring the sale and transfers null and void and for a judgment against defendant for $211,782.56, with interest.

Findings have been passed upon. Settle decision and decree.