HARRY BROD, on Behalf of Himself and All Other Creditors of JULIUS POTASH and JOSEPH POTASH Similarly Situated, Respondent, v. SUPREME DRESS Co., INC., and Another, Appellants, and Others, Defendants.— Action to have a transfer declared to be in violation of section 44 of the Personal Property Law (Bulk Sales Act) and in violation of article 10 of the Debtor and Creditor Law. Order granting plaintiff's motion to strike out defendants' answer as sham and for a money judgment to cover plaintiff's claim as a judgment creditor and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. The use of affidavits to establish that denials in an answer are false is proper. (*Flushing Manor, Inc.*, v. *Hotkin*, 234 App. Div. 716.) The facts sustaining plaintiff's right to judgment under rule 104 of the Rules of Civil Practice, on the theory that there has been a violation of the Bulk Sales Act, are not in dispute. The individual defendants Julius and Joseph Potash had knowledge of plaintiff's claim as a simple creditor at a time when they could have given the requisite notice required by the Bulk Sales Act before making the transfer attacked. The plaintiff's claim accrued in March, 1932, although not reduced to judgment until after the agreement for transfer of which complaint is made had been entered into and carried out. (*Touris* v. *Karantzalis*, 170 App. Div. 42.) That plaintiff was determined to enforce his rights which accrued in March, 1932, was brought home to the defendants on December 14, 1932, seven [seventeen] days before the transfer in question was initiated. That no notice was given is admitted. Therefore, the act was violated and the transfer was void. In view of the character of the assets involved and the lapse of time, the awarding of a money judgment in lieu of compelling a retransfer was proper. (*Lowendahl* v. *Van Bokkelen*, 139 Misc. 857; affd., 234 App. Div. 749; affd., 260 N. Y. 557; *Mott* v. *Reeves*, 125 Misc. 511; affd., 217 App. Div. 718; affd., 246 N. Y. 567.) It is not necessary to concern ourselves

with rule 113 or with the plaintiff's right to judgment under the Debtor and Creditor Law. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.