## In re MAXWELL SHERATON, Inc.

No. 76060.

District Court, S. D. New York.

July 16, 1942.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine, Bernard H. Sherris, and Samuel J. Warms, all of New York City, of counsel), for petitioner.

Alexander H. Rockmore, of New York City, for trustee.

GODDARD, District Judge.

This is a petition by the City of New York to review an order of a referee denying its application to compel the trustee to pay over to it the sum of $404.75 as the proceeds of the sale of certain property, alleged to have been fraudulently conveyed to the bankrupt by United Upholsterers Co., Inc., a debtor of the petitioner.

The referee found that on April 1, 1938, United Upholsterers Co., Inc. transferred to Maxwell Sheraton, Inc., personal property in fraud of the transferor's creditors; and although said transfer constituted a transfer of the transferor's stock of merchandise, other than in the regular course of business, there was no compliance with the provisions of Section 44 of the New York Personal Property Law, Consol.Laws, c. 41, in that it constituted a transfer of merchandise in bulk without notice to creditors and the petitioner received no notice; that at the time of the transfer, the petitioner was and still is a creditor of United Upholsterers Co., Inc., for $718.98 for taxes; that on April 1, 1940 a petition in bankruptcy was filed against Maxwell Sheraton, Inc.; that its receiver in bankruptcy sold the property fraudulently transferred for a gross amount of $404.75 and turned the proceeds over to the trustee in bankruptcy who still holds the money.

The referee concluded that the lien of the trustee in bankruptcy was superior to that of the transferor's creditor (petitioner herein). He thereupon held that the trustee was entitled to an order decreeing that the proceeds realized from the sale of the property transferred to the bankrupt by the United Upholsterers Co., Inc., were free and clear of any and all claims by the City of New York, and the City's petition was dismissed.

The petitioner contends, I—That a defrauded creditor of one who transfers in fraud of creditors, may set aside the fraudulent conveyance and follow the assets conveyed or their traceable proceeds even in the hands of a creditor of the fraudulent transferee, who has levied upon or attached them; II—That Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, is not applicable to the case at bar. However, petitioner cites no authority in support of its second contention, which I think has no merit.

By virtue of Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, the trustee was vested, as of April 1, 1940, with all the rights of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such creditor actually exists.

This leads to the question whether under the law of New York a creditor of such transferee (the trustee in bankruptcy) who holds a lien by legal or equitable proceedings, has greater rights than a creditor of the transferor, where the transfer was made in fraud of the transferor's creditors and was also a transfer in violation of Section 44 of the Personal Property Law of New York (Bulk Sales Act).

Under the common law of New York, as it existed prior to the enactment of Article 10 of the New York Debtor and Creditor Law, Consol.Laws, c. 12 (substantially the same as the Uniform Fraudulent Conveyance Act), a lien creditor of the transferee prevailed over a creditor of the transferor. Booth v. Bunce, 33 N.Y. 139, 88 Am.Dec. 372; Standard National Bank v. Garfield National Bank, 70 App. Div. 46, 75 N.Y.S. 28, and Id., 56 App Div. 43, 67 N.Y.S. 472. The decisions in these cases were based upon an interpretation of the Statute of Elizabeth (13 Eliz. c. 5) to the extent that it was adopted as the law of the State of New York, and that interpretation has been generally accepted. See Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 220, 61 S.Ct. 904, 85 L.Ed. 1293; In re Mullen, D.C., 101 F. 413; Glenn, Fraudulent Conveyances and Preferences (1940) Section 238.

The transfer in question was made in 1938. It was voidable and not void. See 1 Glenn, op. cit. § 120. The City might have instituted proceedings to set it aside at that time. However, it did not make any attempt to do so until April, 1940, after the petition in bankruptcy had been filed against the transferee and the trustee in bankruptcy had obtained a lien on this property by virtue of Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c. In view of the cases and authorities above referred to, the trustee should prevail, the equities of petitioner being no greater than those of the trustee.

The petitioner contends that Section 278 of the New York Debtor and Creditor Law changed the law in New York since the decisions in the two New York

cases cited above, because under that section, a creditor of a transferor may pursue his remedies "against any person except a purchaser for fair consideration without knowledge of the fraud * * *"; that an attaching creditor is not such a person within the meaning of Section 278, and the City therefore has a right to follow the proceeds.

It thus becomes necessary to determine whether there is any material difference between the Statute of Elizabeth (which was construed in the two New York cases, Booth v. Bunce, supra; Standard National Bank v. Garfield National Bank, supra), and Section 278 of the Debtor and Creditor Law.

The Statute of Elizabeth (13 Eliz. c. 5) insofar as here applicable, provides: "Provided that this Act, or anything therein contained, shall not extend to any estate or interest in lands * * * goods, or chattels, had, made, conveyed or assured * * * which estate or interest is or shall be upon good consideration and bona fide lawfully conveyed * * * to any person or persons, * * * not having at the time of such conveyance * * * any manner of notice or knowledge of such * * * fraud, or collusion * * *".

I can see no legal distinction between a "purchaser for fair consideration without knowledge of the fraud at the time of the purchase", the phrase used in Section 278, and one who takes "upon good consideration and bona fide lawfully * * * not having at the time of such conveyance * * * any manner of notice or knowledge of such * * * fraud * * *", the words of the Statute of Elizabeth.

The Uniform Fraudulent Conveyance Act (of which the New York Debtor and Creditor Law is an adaptation) is the modernized Statute of Elizabeth. See 46 Harvard Law Review, 404, 405. Therefore, I think that Section 278 of the Debtor and Creditor Law did not change the New York law and a lien creditor of the transferee still prevails over a creditor of the transferor, there being no substantial difference between the two statutes.

Section 44 of the New York Personal Property Law does not aid the City's position since this makes the transferee, "upon application" of any of the creditors of the transferor, a receiver, accountable for all the property that came into his possession by reason of the transfer. The trustee had already acquired the rights of a lien creditor when the City made its application to hold the transferee accountable, and the City's only claim against the transferee is for the value of the goods transferred to it. Where the transferee has disposed of the property sought either by voluntary sale or by levy under a judgment against it, an accounting would not aid the creditor and it is relegated to a simple money judgment against the transferee. Brod ex rel. Potash's Creditors v. Supreme Dress Co., 243 App.Div. 622, 276 N.Y.S. 526.

Matter of Hunter Hotel Enterprises, Inc., D.C.S.D.N.Y., May 1, 1941, 44 F.Supp. 614, Hulbert, J., cited by petitioner, is not in point. Although it was held in that case that the City had an equitable lien on the property fraudulently transferred, the facts are essentially different from those in the case at bar since the City has no equitable lien here. See Matter of Corson Furniture Company, D.C.S.D.N.Y., May 27, 1942, 46 F.Supp. 678, Goddard, J.

Accordingly, the petition to review is dismissed and the order of the referee is affirmed.