BANK OF UNITED STATES, Plaintiff, *v.* MURRAY G. NORMAN et al., Defendants.

Supreme Court, Special Term, New York County, March 25, 1943.

*B. Levin* and *Carl J. Austrian* for plaintiff.

*Lawrence I. Gerber* for Murray G. Norman and another, defendants.

*N. W. Arnheim* for Belle Cohen and another, defendants.

*Isadore Nathanson* for Sid N. Kellner, defendant.

CAREW, J.   The defendants, the children of Louis Norman who died on June 22, 1937, collected on June 29, 1937, $13,836.86 on four policies of life insurance on his life for $20,000 issued by the Connecticut Life Insurance Company, on about January 24, 1927, payable to his estate but on which he had changed the benefit to his children on November 26, 1932, at which time he was, and had long been, insolvent and owed to the plaintiff $8,100 on promissory notes put in judgment March 26, 1932, for $1,364.26, and on January 10, 1933, for $5,728.01. On both judgments executions promptly issued were returned unsatisfied. When the deceased insured made the change of beneficiary on these policies from his estate to his children he had borrowed on the policies $6,057.73 and the policies had a surrender value of only $250.   He then was absolutely insolvent and unable to continue payment of the premiums, and the policies were about to lapse except for some brief extended term for a very small benefit.   Examined in supplementary proceedings on the judgments, he gave the plaintiff no information whatever as to the existence of the policies, probably regarding them as worthless. The defendants (his children) took them over and paid all premiums and interest on loans thereon till his death, in all $8,368.40.   In doing so, I find that neither the deceased nor the defendants were in any way guilty of actual fraud.   I find that they regarded the policies as worthless and certain to lapse.   The change of beneficiary was not a transfer or a conveyance.   It was a designation for future action.   Had the plaintiff known of the change of beneficiary it would not have brought any action to set it aside.   It would simply in the supplementary proceedings have obtained an order for the surrender of the policy and collected the surrender value and there was no need then, and there is no need now, for any judgment canceling or setting aside the change of beneficiary, nor for any accounting.   Such relief is asked for to avoid the limitation statute.   This action is, under our Civil Practice

Act, a civil action, and the complaint, while drawn with the purpose of having it construed as in equity so as to avoid limitations, is simply for money damages, not for specific money as a *res*. There is no such *res*. Money damages as damages is the only relief possible (*Brod* v. *Supreme Dress Co.*, 243 App. Div. 622; *Matter of Maxwell Sheraton, Inc.*, 46 F. Supp. 680; *Lowendahl* v. *Van Bokkelen*, 139 Misc. 857, affd. 234 App. Div. 749, affd. 260 N. Y. 557; *Mott* v. *Reeves*, 125 Misc. 511, affd. 217 App. Div. 718, affd. 246 N. Y. 567), and that is legal relief and could have been obtained for the surrender value when the change of beneficiary was made, had the plaintiff known of it. The plaintiff's cause of action is entirely " legal ", not " equitable ", and accrued on or before November 26, 1932, when the change of beneficiary was made, and it is barred by the six-year Statute of Limitations. (Civ. Prac. Act, § 11; *Savings Bank of New London* v. *New York Trust Co.*, 27 N. Y. S. 2d 963, 972, 973; *Roberts* v. *Ely*, 113 N. Y. 128; *Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259, 264; *Mencher* v. *Richards*, 256 App. Div. 280; *Keys* v. *Leopold*, 241 N. Y. 189; *Matter of Kopytkiewicz*, 156 Misc. 297.)

When a legal remedy is entirely sufficient to afford relief the legal Statute of Limitations must apply even though an equitable remedy is also available and is expressly sued for in the complaint. (*Potter* v. *Walker*, 159 Misc. 339; *Potter* v. *Walker*, 276 N. Y. 15; *Dunlop's Sons, Inc.* v. *Dunlop*, 259 App. Div. 233 affd. 285 N. Y. 333; Note, 54 Harvard Law Review, p. 1040.)

As above set forth, I find there was no actual fraud by the defendants. They honestly thought the policies were worthless; there is no evidence they knew of or considered them as having any surrender value, and while transfers or conveyances by insolvents for no value are sometimes characterized as fraudulent, they are void as against creditors at common law and under *Twyne's Case* (3 Coke 80) and the Statute of Elizabeth (13 Eliz., ch. 5) irrespective of fraud. (*Union Central Life Ins. Co.* v. *Flicker*, 101 F. 2d 857, 860; *Stokes Coal Co.* v. *Garguilo*, 280 N. Y. 616.) There is no fraud here to toll the Statute of Limitations or to excuse the laches which allowed the defendants to pay $8,368.40 premiums over five years and now seeks to deprive them of the insurance their money unquestionably preserved and created. There is no equity in the plaintiff's claim and equity principles govern quasi contracts such as the alleged claim here. In addition to the foregoing decision, parties may submit requests to find on or before March 30, 1943.