### In re WATMAN, KONOPOLSKY & BERNSTEIN.

### Ex parte ROSEN.

#### (District Court, S. D. New York. July 24, 1923.)

1. **Bankruptcy ⟨⟩385—Failure to prove claim held not to bar right to share in composition.**

   Under Bankruptcy Law, § 12b (Comp. St. § 9596), construed in connection with section 57, subds. a, c, d (section 9641) and Form 63 (89 Fed. lx, 32 C. C. A. lxxxiv), creditor's failure to prove claim did not bar his right to share in composition, especially where time for proof of claim under section 57n had not expired.

2. **Bankruptcy ⟨⟩384—Offer of composition should not have been confirmed when amounts due creditors not stated in schedules, but irregularity could not be taken advantage of by bankrupt.**

   Where bankrupt partnership's schedules gave names of creditors and amounts of debts of old firm assumed by the partnership, but only names of creditors without amounts of debts of new partner likewise assumed, offer of composition should not have been confirmed until they were amended to show amounts due each creditor as required by Bankruptcy Act, § 7a (8), being Comp. St. § 9591, but the alleged bankrupts could not take advantage of the irregularity to defeat creditor's right to dividend under the composition.

3. **Bankruptcy ⟨⟩385—Creditor named in two lists, one of which did not give amounts, held not concluded by order allowing composition dividend only on amount mentioned in the other list.**

   Where alleged bankrupt partnership's schedules contained separate lists of debts of former firm assumed by it, and of new partner assumed by it, but did not give amounts in the latter list, creditor named in both lists and not receiving notice of offer of composition *held* not concluded by order confirming it and allowing him dividend only on amount named in first list.

---

In Bankruptcy. In the matter of Watman, Konopolsky & Bernstein, alleged bankrupts. On petition by Moses Rosen to require payment of dividend in composition. Ordered as stated in opinion.

Petition by a creditor to require the alleged bankrupts to pay his dividend in composition.

The alleged bankrupts were a firm composed of one Bernstein and of a former firm of two partners. When Bernstein joined the old firm, his and their debts were assumed by the new firm. Later an involuntary petition was filed against the new firm and the partners individually, but no adjudication ever issued. Wishing to effect a composition, the firm on December 20, 1922, filed schedules both as a firm and individually. The firm schedules contained the names of the creditors of the old firm with the amounts due properly extended, as required, and the names of Bernstein's creditors, but without any extension of the several sums due. Below these were written the words: "An itemized account of the indebtedness of Louis Bernstein is unavailable at the present time. The total is placed

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

at approximately $46,000." The name of the present petitioner occurred among the list of the old firm creditors at $3, and in the firm schedule in the list of Bernstein's creditors, but of course without any extension of the amount. Bernstein's individual schedules contained no names of creditors.

On the same day the alleged bankrupts filed a petition stating that they had offered "terms of composition to their creditors." On December 21st this was referred to the referee, who sent out notices to all creditors mentioned in the schedules, and published in due form. The petitioner swears that he did not get the notice so posted.

On the return day, January 12, 1923, a meeting was held, and on an adjourned day, January 15th, the alleged bankrupts filed a written offer of composition which read as follows: "The undersigned whose schedules of creditors and property have been previously filed in the office of the clerk of this court, do offer a composition at seventy-five (75%) per cent. of the claims of the creditors allowed or to be allowed." Written consents were also filed by a majority in numbers and amount of all the creditors. It is to be inferred, as appears below, that a number of the creditors filed proofs of claim.

On January 16th the alleged bankrupts filed a petition for confirmation, and a proper certificate of deposit. Notice for a hearing on confirmation on January 17, 1923, having been given at the same time as notice of the meeting, and the referee having certified that all was done in conformity with the act, the hearing was had in court on the return day, at which objections were made by a creditor. These having been disposed of after proper hearing, an order of confirmation passed on May 1, 1923, directing the payment of the composition to "general creditors whose claims have been scheduled, filed and allowed in accordance with the schedule hereto annexed and marked Schedule B," also to "general creditors whose claims have been scheduled and allowed, but not filed in accordance with the schedule hereto annexed and market Schedule C." The petitioner's name occurred in Schedule C, at the sum of $3, but that was all. On this amount it received its dividend in composition.

The motion is directed against the receiver and the alleged bankrupts.

Samuel Shereff, of New York City, for petition.
Goldstein & Goldstein, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1] Section 12b, Bankruptcy Act (Comp. St. § 9596), requires the offer to be accepted by a majority in number of those creditors "whose claims have been allowed." In cases of composition before adjudication section 12a provides for an "allowance" of claims at a meeting called for that purpose. Thus claims may be "allowed" under section 57a, section 57c, and section 57d (section 9641), before adjudication. In the case at bar the petitioner did not "prove" his claims or have them "allowed," and the first question is whether that is a condition upon his recovery, if the claim has been scheduled. The order made a distinction between claims "scheduled, filed and allowed" and those "scheduled and allowed," though it provides that both classes shall share. But no claim can be allowed under section 57d, which has not been "proved" under section 57a, and "allowance" presupposes filing under section 57c. Hence the word "allowed," in the Schedule C, is not properly used.

I cannot find any case on the question whether a claim must be "allowed" before it can share in a composition. The Official Forms (No. 63, Order for Distribution on Composition [89 Fed. 1x, 32 C. C. A.

lxxxiv]) provides that there shall be paid "the several claims of general creditors which have been allowed, and appear upon a list of allowed claims, on the files in this court, which list is made a part of this order." That certainly seems to require some allowance, and by that word I should normally understand allowance under section 57d. Moreover, courts have differed as to whether a creditor properly scheduled may share in a composition if he fails to prove his claim within a year after adjudication. Nassau, etc., Co. v. Brightwood, etc., Co., 286 Fed. 72 (C. C. A. 1); Re Atlantic, etc., Co. (D. C.) 228 Fed. 571; Re Lane (D. C.) 125 Fed. 772. It would seem to follow from those cases which exclude claims proved too late that proof was a condition on sharing  If so, the failure to prove is a bar to the creditor's right.

There are, however, difficulties in such a ruling. If proof and allowance are necessary, still it would seem that the creditor must at least have under section 57n a year after adjudication within which to prove. I do not see by what right the bankrupt takes this from him merely because the offer is made and confirmed within the year. None of the cases suggest that. If so, then when there is no adjudication he may get his claim allowed at any time. Of course, it might be held that, having notice of the offer, the creditor must prove before confirmation. Form 63 does indeed indicate as much. But I cannot think that it is an absolute condition. If the creditor is content with the schedule and does not want to vote on acceptance, it would be the merest formality to require that he file a proof of claim.

There is indeed a reason for limiting the right of acceptance to those who have proved, since the option between the offer and administration should be open only to those who, so far as can then be ascertained, will share in administration. But that reason does not determine who shall share in the offer. Those who have proved will have before them the offer, made to all, and the probable dividends in administration open to them and to those who will prove within a year. That is as far as it is necessary to go; nothing is served by the idle requirement of filing a proof of claim after acceptance.

As I view it the offer is made to all creditors, certainly to all scheduled, and it makes no difference that it may be accepted by a smaller group. This, I understand, has been the uniform practice. It does not depend upon what view one takes of the applicability of section 57n. Hence I hold that the petitioner's failure to prove did not bar him from the composition.

[2] However, the schedule did not extend the amount of his debt. I do not forget that as a creditor of the old firm he also appeared and with proper extension: The schedules distinguished between the two debts and it was clear that the first mention of his name was not intended to exhaust his claims. The schedules were clearly improper, for they did not conform with section 7a (8), being Comp. St. § 9591, by showing "the amounts due each" of the creditors. The offer should never have been confirmed until they had been amended. Yet this was an irregularity of which it would be a gross injustice to let the alleged bankrupts now take advantage. The offer read, it is true, to pay the dividend on "the claims of creditors allowed or to be allowed," but

that counts for nothing, even if formal proof of claim be required, since the time has not expired. Hence the creditor may now get his dividend either by a formal proof of claim, if that be essential, or merely by correction of the schedule in bankruptcy.

Without meaning to hold that formal proof is necessary in such cases, the surest practice will be as follows: Allow the petitioner to file a proof of claim within 10 days; allow the alleged bankrupts 10 days in which to object. After the claim has been liquidated (if there be objection), amend the schedules in bankruptcy and Schedule C annexed to the order of confirmation, by inserting the amount as liquidated, nunc pro tunc. The petitioner may then enforce the order precisely as though he had been originally included.

[3] Had his claim been extended at a stated amount, the order might have concluded him, even though the notice did not reach him. As it is, however, he was charged with notice only of the schedules, and those informed him that his claim was recognized. This could only mean recognized at its proper amount. Hence there was no sum at which the order could conclude him. Pro tanto the composition remained incomplete. It may now be completed.

Settle order on notice.