In re EVERICK ART CORPORATION et al.
No. 223.

Circuit Court of Appeals, Second Circuit.
March 3, 1930.

Samuel J. Rawak, of New York City, for appellants.

Goldstein & Goldstein, of New York City (Jonah J. Goldstein and I. Jesse Canton, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

The contention of counsel for the bankrupt appears to be that, by listing a creditor with the notation that his claim is disputed, a bankrupt may obtain all the advantages and incur none of the obligations which follow from offering a composition to his creditors; that is, the disputed claim, should it turn out to be good, will be discharged by the confirmation of the composition, but there is no obligation to provide for the contingency that the claim may be valid in depositing the consideration to be paid to creditors under the terms of the proposed composition. The mere statement of the position shows how unlikely it is that the Bankruptcy Act (30 Stat. 544 [11 USCA]) has so provided.

Section 7a(8), 11 USCA § 25, requires a bankrupt to file a verified schedule of his property and "a list of his creditors, showing (among other things) the amounts due each of them." Section 12 (11 USCA § 30) permits him to offer "terms of composition to his creditors after * * * he * * * has filed in court the schedule of his property and the list of his creditors required to be filed by bankrupts." With respect to Bestmore Trading Company and Louis Berger the schedules were clearly insufficient, for they did not show the amounts of the respective claims of these creditors. By section 39a(2), 11 USCA § 67(a) (2), the referee is required to examine all schedules of property and lists of creditors filed by bankrupts, and to cause such as are incomplete or defective to be amended. This should have been done before the referee recommended confirmation of the composition. See In re Watman et al., 291 F. 886, 888 (D. C. S. D. N. Y.), where a creditor was listed without extending the amount of his claim.

The appellee attempts to distinguish between listing a creditor without extending the amount of his claim and listing him with a notation that the claim is disputed. It is urged that the former is a recognition of the claim for whatever may be its proper amount, while the latter is a denial of the claim for any amount. This appears to us a merely verbal distinction without reasonable basis in the realities. The bankrupt's purpose in listing the creditor by name is to charge him with notice of the proceedings and to bar by the discharge whatever claim he may have. Whether the notation is "amount unknown" or "amount disputed," the listing of a claimant among the bankrupt's creditors should be deemed a recognition of such claimant as a creditor for such amount as he may establish. Therefore, in either case, provision must be made in the offer of composition to pay such creditor his proportionate share of the composition. In the recent case of In re Mirsky, 32 F.(2d) 676, 678, we said: "If the claim be disputed, the judge has authority to confirm the composition before passing upon the claim, provided consideration be deposited to cover it in the event of its subsequent allowance."

The converse is implicit; a composition should not be confirmed until consideration for a disputed claim has been deposited or security given, assuming without decision, as we did in the Mirsky Case, that giving security may be deemed the equivalent of the statutory requirement that consideration be deposited. A bankrupt makes his offer of composition "to his creditors." This includes all scheduled creditors, and the amount of the consideration required to be deposited must be fixed with reference to the amount of the debts scheduled, as well as those allowed. See In re Laubheim Bros., 22 F.(2d) 910, 911 (C. C. A. 2). Creditors failing to prove their claims before confirmation lose the right to vote upon the bankrupt's offer, but they are entitled to the full benefit of the offer if it is accepted by the requisite number of creditors whose claims have been allowed. See Nassau Works v. Brightwood Co., 265 U. S. 269, 44 S. Ct. 506, 68 L. Ed. 1013. The composition

768

in the case at bar ought never to have been confirmed without making provision for payment of the composition dividend to appellants in the event that their claims should be established.

■ This applies to the secured claim of Progressive Merchants Company as well as to the unsecured claims of the other two appellants. While it may be true in general that secured creditors are not parties to an offer of composition (In re Harvey [D. C.] 144 F. 901; cf. Remington, Bankruptcy [3d Ed.] § 3088), nevertheless, where the bankrupt shows by his schedules that there is an excess of indebtedness over the security, we think he must be deemed to include the secured creditor to the extent of such excess in his offer of composition. This was shown by the schedules to be $6,768.

■ Starting with the premise that the bankrupt should have deposited money for payment of the composition dividend on the appellants' claims, if they should be established, we now approach the question of the power of the court to correct its failure to do so by requiring a deposit after confirmation of the composition. The petition for confirmation averred that the consideration to be paid to creditors had been deposited. This averment was false, due, we may assume, to an honest mistake as to what the law required. Two cases involving closely analogous situations have been found. In re Watman et al., 291 F. 886 (D. C. N. Y.), and In re Isidor Klein, 22 F.(2d) 906 (C. C. A. 2). In the former the bankrupt had scheduled a creditor without extending the amount of his claim. After confirmation he applied for an order to require payment of the composition dividend. The relief was granted; the court saying at page 889: "Without meaning to hold that formal proof is necessary in such cases, the surest practice will be as follows: Allow the petitioner to file a proof of claim within 10 days; allow the alleged bankrupts 10 days in which to object. After the claim has been liquidated (if there be objection), amend the schedules in bankruptcy and Schedule C annexed to the order of confirmation, by inserting the amount as liquidated, nunc pro tunc. The petitioner may then enforce the order precisely as though he had been originally included. * * * Pro tanto the composition remained incomplete. It may now be completed."

In the Klein Case, the creditor was scheduled for the proper amount but the bankrupt had failed to deposit composition notes for him. We said at page 910: "It would be shocking if the bankrupt could profit by his own mistake. The court, after confirmation, retains jurisdiction to distribute the consideration (section 12e), and as incidental thereto we think it has power to compel the bankrupt to make good his representation by depositing the omitted consideration which he has innocently misrepresented as already deposited. This was in effect what was done in In re Watman, 291 F. 886 (D. C. N. Y.). We believe it was correctly done."

It is true that in the Laubheim Case, supra, we expressed a doubt whether a bankrupt, after confirmation of the composition, if he had deposited all the court required as a condition to confirmation, could be ordered to add to his composition deposit or to pay an additional sum to a creditor whose claim had been scheduled in good faith at too small a sum. There is no inconsistency between this and our approval of the relief granted in the Watman Case. A distinction exists between scheduling a claim for a definite sum, though less than that to which the creditor is entitled, and scheduling it for an amount unknown or in dispute. In the former case, the bankrupt has exactly complied with the statutory prerequisites to an offer of composition, and his offer to the particular creditor is expressly limited by the amount of the claim as scheduled. In the latter case, however, the offer must be construed to be for such sum as the creditor may establish to be due, for no other sum is stated at which the order of confirmation could conclude him. Moreover, the bankrupt has not complied with the statutory prerequisites as to listing the amount due creditors and depositing the consideration necessary to perform his offer. After confirmation, the court still has jurisdiction to compel him to do these things, as was held in the Watman and the Klein Cases.

■ The remaining question is whether the appellants' petition was properly brought before the referee or should have been originally presented to the District Judge. Under section 12(d), 11 USCA § 30(d) of the act, confirmation of a composition is required to be made by the judge, and section 12(e), 11 USCA § 30(e), provides that upon confirmation "the consideration shall be distributed as the judge shall direct, and the case dismissed." Despite this language as to dismissal, the court retains jurisdiction so long as anything remains to be done to carry out the composition. In re Kalnitzsky Bros. & Oppenheim (D. C.) 285 F. 469, affirmed 285 F. 652 (C. C. A. 2); Murphy, Gorman & Waterhouse v. Manufacturers' Nat. Bank, 30 F.(2d) 389 (C. C. A. 1); In re Klein, supra

(assumed). It would seem, however, that proceedings to secure an amendment of the order of confirmation or distribution of the consideration must be initiated before the judge, and that the referee can act only upon special reference. But cf. United States v. Sondheim, 188 F. 378, 380 (D. C. Mass.); Collier, Bankruptcy (13th Ed.) 458. It is true that in Re Mirsky, supra, liquidation of a disputed claim was had before the referee, but the question of his jurisdiction does not appear to have been raised, as the opinion does not advert to it. However, even if the referee was right in declining jurisdiction, we think the District Court should have taken it. To affirm the referee's dismissal of the petition and require a new petition in identical terms to be filed with the court would seem an unnecessary technicality of procedure. A petition to review an order of the referee is provided for only by general order 27 (11 USCA § 53) and local rule of court. We see no reason why it should be treated with inflexible formality. If the referee has no jurisdiction of a petition, but the court has, the court should, when the order of dismissal is presented to it, retain the petition as an original proceeding. No danger is apparent in such a rule of procedure, and it will prevent unnecessary delays in administration.

As the bankrupt relied solely upon the supposed lack of jurisdiction, an opportunity should be allowed to contest the appellants' claims. Whether the bankrupt has any property against which can be enforced any order which may be entered requiring payment to the appellants of a composition dividend does not appear. If not, their victory may be of no avail (see In re Laubheim Bros., supra), but that issue is not now before us.

The case is accordingly reversed and remanded for further proceedings in harmony with this opinion.