### In re J. B. POLLAK CO., Inc.
### No. 50.

Circuit Court of Appeals, Second Circuit.

Nov. 9, 1936.

Robert J. Woodruff, of New Haven, Conn. (Woodruff, Klein & White, of New Haven, Conn., of counsel), for appellants.

Maxwell H. Goldstein, of New Haven, Conn., (Goldstein & Bracken, of New Haven, Conn., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This appeal is from an order in bankruptcy entered upon a petition filed by Brown & Barlow, Inc., a creditor, directing the respondents to pay the amount which the petitioner claims under the bankrupt's offer of composition. J. B. Pollak Company, Inc., was adjudicated an involuntary bankrupt on July 16, 1928. Thereafter, on August 28, 1928, an order was entered confirming a composition offer of 20 per cent. on the claims of general creditors. On the same date the District Judge ordered distribution of the composition deposit, directing payment, first, of

priority claims, then of the costs of the proceedings, and finally of the composition percentage on "the several claims of general creditors which have been allowed, and appear upon a list of allowed claims on the files in this case, which list is a part of this order." Such list is not incorporated in the record; but it is agreed that the list did not include the name of Brown & Barlow, Inc., although this corporation was listed as a creditor in the sum of $2,897.06 upon the schedules previously filed by the bankrupt. Neither of the orders aforesaid named a distributor of the composition fund, but it is stipulated that the referee "duly appointed" as distributor the appellant Alprovis, who had previously acted as receiver of the bankrupt estate. Regardless of the referee's jurisdiction to make such an appointment, there is no question that Alprovis took possession of the fund and acted as distributor. The appellant Klein had been duly appointed attorney for the receiver. Although the bankrupt had deposited enough money to pay in full the costs of administration and all claims entitled to priority, and to pay the composition dividend of 20 per cent. on all the scheduled claims, the fund on deposit was entirely disbursed to others without payment of anything to the petitioner. This was due to the fact that, subsequent to the order confirming the composition, the referee purported to allow claims which had not been scheduled or which were filed in amounts larger than as stated in the schedules, and the composition dividend was paid on such claims. The petitioner's claim was filed on October 31, 1928, and was allowed by the referee, but apparently by that time the composition fund had been exhausted. On May 14, 1929, the distributor filed his report, and the referee made an order approving the same and discharging the distributor. No order, however, was ever made by the judge upon the distributor's report. In March, 1930, the petitioner moved to compel the respondents to pay to it the sum of $579.41, being the composition percentage of its claim. The petition alleged that out of the composition fund Alprovis had received $350 for fees as receiver and Klein had received $500 for fees as receiver's attorney; that the payment of such fees was authorized by the referee as special master upon their representations that there would still remain in the composition fund sufficient to pay all creditors their 20 per cent. dividend;

and that such representations were false. After submission to the judge, the matter was held under advisement for more than five years at the request of the attorneys. March 27, 1936, an order was entered directing the respondents to pay the petitioner $579.41 in the proportion of their respective allowances for fees. This is the order appealed from.

No theory has been advanced which would justify depriving the respondents of their fees. They were awarded for services rendered prior to confirmation of the composition and constituted a cost of administration entitled to payment ahead of general creditors under the terms of the composition. There is nothing in this record to indicate that the fees were unreasonable in amount; nor were they attacked as exorbitant. The petitioner's attack was on the ground that payment of the fees out of the composition fund was obtained by misrepresentation. This was not proven. On the contrary, when the fees were allowed in September, 1928, there was in fact enough on deposit to pay them and also to carry out the composition as to all creditors entitled to participate in it, including the petitioner. The deficiency in the fund arose through subsequent payments to creditors who were not entitled to share in the fund.

In a composition the rights of each creditor are fixed by the terms of the bankrupt's offer, subject only to its confirmation and the judge's order of distribution. Nassau Smelting & Refining Works v. Brightwood Co., 265 U.S. 269, 273, 44 S. Ct. 506, 68 L.Ed. 1013. Here the offer to creditors not entitled to priority was to pay 20 per cent. on claims "allowed or to be allowed." Although literally open to a broader interpretation, it must be construed to refer only to claims allowed prior to confirmation or the subsequent allowance of which is contemplated by the order of confirmation; for the amount of the composition fund must be determined and deposited before the order of confirmation can be entered. See Petition of Klein, 22 F.(2d) 906, 910 (C.C.A.2). The amount of the deposit must therefore be measured by the claims admitted by the bankrupt's schedules, plus unscheduled claims allowed prior to confirmation, In re Mirsky & Co., 32 F.(2d) 676, 678 (C.C. A.2); In re Laubheim Bros., 22 F.(2d) 910, 912 (C.C.A.2), and claims disclosed by the record to be in dispute and for

which subsequent liquidation is provided, Equitable Holding Corp. v. Woody, 63 F. (2d) 751 (C.C.A.2); In re Everick Art Corp., 39 F.(2d) 765 (C.C.A.2). In the case at bar the fund deposited by the bankrupt was sufficient to pay the scheduled claims and claims allowed prior to confirmation. It does not appear that the amount of any claim was then in dispute or that the order of confirmation contemplated the subsequent liquidation of any claim; nor does the record contain any order referring claims to the referee as special master. Without such an order the referee in bankruptcy was without jurisdiction to allow the claim of any creditor for the purpose of establishing his right to share in the composition fund. In re Everick Art Corp., 39 F.(2d) 765, 768 (C.C.A.2); Equitable Holding Corp. v. Woody, 63 F.(2d) 751, 754 (C.C.A.2). Hence the referee's allowance of claims was without legal effect. Accordingly, we conclude that only creditors whose claims were scheduled or allowed prior to confirmation were entitled to share in the composition deposit.

■ Until the consideration deposited by the bankrupt has been distributed, the judge retains jurisdiction under section 12e (11 U.S.C.A. § 30 (e) to direct distribution. The order of August 28, 1928, in directing payment of the composition dividend on claims "which have been allowed and appear upon a list of allowed claims," did not dispose of the entire fund on deposit; nor did it authorize payment to Brown & Barlow, Inc., whose name was not on the list. Its name should, however, have been included since its claim was admitted by the bankrupt's schedules. No reason is apparent why the court may not now correct its former order of distribution or make a supplemental order in favor of the petitioner. If such an order were made, the distributor would have no excuse for a failure to comply with it. Had he disbursed the fund only in accordance with the order of August 28th, he would still have on hand the money deposited for the petitioner's claim. He can point to no order which justifies paying that money to any one else. As already demonstrated, the referee's allowance of claims was without jurisdiction and can furnish no defense. Cf. Louisville Woolen Mills v. Tapp, 239 F. 463, 469 (C.C.A.6). Nor can the referee's approval of the distributor's report aid him. Under section 12e, approval of the report of distribution is for the judge, and the judge has never acted upon the report. See In re Rubin's Department Store, 75 F.(2d) 731 (C.C.A. 7), certiorari denied, Metropolitan Life Ins. Co. v. Rubin's Department Store, 296 U.S. 578, 56 S.Ct. 88, 80 L.Ed. 408. So the distributor will stand before the court as a trustee who, however innocent of intentional wrong doing, has depleted the fund in violation of his trust. Justice requires that he make good his waste to the extent necessary to pay the petitioner the sum deposited for it under the composition. The order should require him to pay the full sum; namely, $579.41.

The authorities furnish support for such an order. We have heretofore held that the bankrupt must pay the composition dividend to a scheduled creditor, though he was not named in the order of distribution. In re Everick Art Corp. (C.C.A.) 39 F.(2d) 765; Equitable Holding Corp. v. Woody (C.C.A.) 63 F.(2d) 751. In the case last cited, where the distributor had returned part of the composition fund to the bankrupt, the distributor was held secondarily liable to the injured creditor. Here the deficiency in the fund is not due to any action or failure to act on the part of the bankrupt, but to the distributor's unauthorized disbursements. His liability is primary. It is true that the petition was not framed on the theory of liability above explained, but its allegations and the proof are sufficient to support an order based on such theory.

■ Nor can the appellant's contention that the court is without jurisdiction prevail. This is not an attempt to impose by summary proceedings a personal obligation upon a trustee in bankruptcy after the estate has been duly closed, as in In re American Solvents & Chemical Corp., 73 F.(2d) 301 (C.C.A.2). Neither is it an attempt to set aside the composition after the expiration of the time limitation prescribed by section 13 (11 U.S.C.A. § 31). It relates only to distribution of the composition deposit, as to which the court retains jurisdiction so long as any of the deposit remains undistributed.

■ The theory upon which the distributor is held liable does not reach the appellant Klein. So far as appears, he acted only as attorney for the receiver. He was never in possession of the composition fund and was not shown even to have advised the distributor as to his improper payments.

The order is reversed as to Klein, and is modified as to Alprovis as indicated in the foregoing opinion. One-half of the costs of appeal are awarded to Klein and one-half to the appellee.