## In re HUNTER HOTEL ENTERPRISES, Inc.

District Court, S. D. New York.

Dec. 10, 1940.

See, also, 44 F.Supp. 614.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Morris L. Heath, both of New York City, of counsel), for City of New York.

614

Edwin M. Slote, of New York City, for debtor.

MANDELBAUM, District Judge.

This is a review, sought by the City of New York, of an order entered by Referee John E. Joyce, dated October 29, 1940 in so far as said order reduced a priority claim of the City of New York to a general claim in this pending Chapter XI, 11 U.S.C.A. § 701 et seq., proceeding.

In 1936, the Markwell Operating Company incurred liability for a sales tax in the sum of $220 in connection with a transfer of certain furniture and fixtures by one Jacob Goldhirsch to said company. With this obligation to the city unsatisfied, the operating company transferred its assets in 1940 to the Markwell Hotel Corp. (now known as the debtor) and the transferee company promised to pay the debts of the transferor, the operating company. The city has placed a tax upon the transfer of these assets to the debtor, in addition to the tax imposed on the original transfer to the operating company by Goldhirsch. In this proceeding the city has filed two claims against the debtor, claiming a preference in both instances. First, the tax imposed on the transfer to the debtor has been allowed as a preferred claim. Second, with respect to the claim based on the transfer from Goldhirsch to the operating company and the subsequent assumption by the debtor, the city has claimed a preferred status on the theory that (a) the debtor by assuming this obligation of the operating company became liable for the tax qua tax and (b) the city has an equitable lien on the assets transferred to the debtor.

■ As to the contention (a) of the city, I am of the opinion that the learned referee correctly decided that the liability of the debtor on its assumption to pay the obligation of the operating company to the city is a debt and not a tax and therefore the said claim is not entitled to priority as a tax claim. In re Alamac Operating Corp., 2 Cir., 42 F.2d 120.

■ As to the city's contention (b) supra, I am of the opinion that the point is not properly before me at this time. The referee herein decided that the claim of the city for a priority based on an alleged tax obligation should be disallowed and the claim held to be general in nature. This holding does not preclude the city from asserting any rights to an equitable lien in the transferred assets as a general creditor of the operating company.

In accordance with the foregoing, the holding of the Referee is confirmed.