### In re CORSON FURNITURE CO., Inc.

District Court, S. D. New York.

May 27, 1942.

Murray R. Paris, of New York City, for trustee.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Morris L. Heath, both of New York City, of counsel), for City of New York.

GODDARD, District Judge.

Petition by trustee in bankruptcy to review order of the referee holding that the City of New York has a lien on the assets of the bankrupt's estate in the sum of $362.98.

On August 12, 1939 Greenpoint Parlor Suit Company, Inc. (hereinafter referred to as Greenpoint) filed an assignment for the benefit of creditors in the New York Supreme Court. The assignee moved in that proceeding to transfer all of the Greenpoint's assets to two individuals, R. Corney and R. Robinson (the wives of two owners and officers of Greenpoint) upon their agreeing to form the Corson Furniture Company, Inc., and to transfer all the assets so acquired to the bankrupt, on the condition that Corney and Robinson, the individuals, and the Corson Furniture Company, Inc., would assume all the liabilities of Greenpoint. Pursuant to this plan the Corson Furniture Company, Inc., was formed. The City of New York then filed its claim for sales and business taxes in that proceeding, and, before the return day in the state court Corney, Robinson and Corson Furniture Company, Inc., entered into a stipulation with the Comptroller of the City of New York whereby they agreed to assume full liability of Greenpoint for the taxes due to the City. Thereafter the state court approved the transfer and the bankrupt, after taking possession of the Greenpoint's assets, continued in business until September, 1941 when it was petitioned into bankruptcy. Neither the bankrupt nor the two individuals ever made any payments to the City. The assets of the bankrupt have been sold and the trustee now holds the proceeds.

The City of New York filed a priority claim against the bankrupt for taxes due from Greenpoint. The trustee moved to disallow the claim as a priority tax claim upon the ground that the claim was not entitled to priority under Section 64, sub. a (4) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(4), as they were not taxes due and owing from the bankrupt. Thereupon the City instituted a proceeding before the referee to adjudge that it has a lien upon the assets acquired from Greenpoint by the bankrupt and to direct the trustee to pay the City the sum of $362.98. By consent of the parties both proceedings have been consolidated and considered together. The referee has held that the City had an equitable lien on the assets of the bankrupt relying upon the opinion of Judge Hulbert in the Matter of Hunter Hotel Enterprises, Inc., D.C.S.D.N.Y., 44 F.Supp. 614, filed May 1, 1941.

It is clear that the City of New York is not entitled to priority under Section 64, sub. a(4) of the Bankruptcy Act, as the claim asserted is for taxes assessed against the old Greenpoint Company; not against the Corson Furniture Company, Inc., the bankrupt. The City had no lien upon the assets of the Greenpoint Company for no levy for default in payments on defaulted taxes had ever been executed. It did have a claim against the Greenpoint Company, but it was a mere debt; nor is the City entitled to a priority status in this proceeding for taxes due upon the Greenpoint Company assumed under Section 64, sub. a(4) or Section 64, sub. a (5) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(4, 5). In re Alamac Operating Corp., 2 Cir., 42 F.2d 120; Matter of Corson Furniture Company, Inc., Bankrupt, 46 F.Supp. 727, opinion of Clancy, J., April 27, 1942; Matter of Max Sheraton, bankrupt, opinion of Referee Stephenson, Southern District of New York, September 25, 1941.

There is no charge of fraud which might be a basis for holding that there was an equitable lien in favor of the City. The City consented to the transfer of the assets from the Greenpoint Company to the bankrupt during the period of some two years while the bankrupt was in business and allowed them to be used without any limitation or control. The stipulation consented to the transfer provided that the transferees agreed "to assume full liability due to the City, State and Federal governments on their tax claims which may be due and owing to them from the Greenpoint Parlor Suit Company, Inc., the assignor herein. * * * The City reserves its right, at all times, against any indebtedness due and owing from the assignors or the officers thereof." The stipulation contains no suggestion of intent on the part of those concerned that the City could look to Greenpoint's assets for the payment nor of any reservation of rights herein. On the contrary, the stipulation negatives the idea of an equitable lien.

The order of the New York State Supreme Court approving the transfer by the assignee, contains no mention of any lien or rights of the City in the assets

transferred. In consideration of the transfer of the assets to them the City accepted the promises of Corney, Robinson, and the bankrupt to assume Greenpoint's debt to the City.

The decision of Hulbert, J., in the Matter of Hunter Hotel Enterprises, Inc., supra, does not seem to me to be applicable, for in that case a fraudulent transfer was involved and, moreover, the precise question now presented apparently was not raised nor decided.

■ Proof of breach of contract only does not warrant a decree of equitable lien.

"There should also appear proof that clearly established the intention that the premises would 'be held, given or transferred as security for the obligation' of the contract * * *." Pennsylvania Oil Company v. Willrock Producing Co., 267 N.Y. 427, pages 434, 435, 196 N.E. 385, 387.

■ It also seems to me that under the facts and circumstances in the case at bar it would be unfair to the other creditors of the bankrupt to hold that the City has an equitable lien for the amount of its claim.

The petition to review is granted, and the referee's order is reversed, and the claim of the City of New York is allowed as a general claim.