MEGLEN ET AL., APPELLANTS, *v.* DONAHUE, TAX COMMR., APPELLEE.

[Cite as Meglen v. Donahue, Tax Commr., 8 Ohio App. 2d 37.]

(No. 8403—Decided October 4, 1966.)

*Messrs. Tuttle & Britt, Mr. Joseph H. Hans* and *Mr. Nicholas J. Dziamba,* for appellants.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellee.

DUFFEY, J. This is an appeal from the Board of Tax Appeals pursuant to Section 5717.04, Revised Code. The board upheld a sales tax assessment against appellant Polli for the audit period May 1, 1962, to June 30, 1964.

Appellant Polli and one J. Meglen commenced business as a partnership, and, in May 1962, obtained a vendor's license. On May 10, 1963, the Main Golf Shop, Inc., an Ohio corporation, was incorporated. Mr. Polli withdrew from the business and was no longer associated with it from and after that date.

(Counsel for the state pointed to several discrepancies in the testimony as to whether the withdrawal was in May 1963 or 1964. A fair reading of the transcript and the exhibits shows

that May 1963 is obviously the date intended. The Board of Tax Appeals accepted that date.)

Appellant contends that the seller of a business is not liable for unpaid taxes. Section 5739.14, Revised Code, provides:

"If any person liable for the taxes levied by Sections 5739.01 to 5739.31, inclusive, of the Revised Code, sells his business or stock of merchandise, or quits his business, the taxes and interest or penalty imposed by such sections on sales made prior to that time shall become due and payable immediately, and such person shall make a final return within fifteen days after the date of selling or quitting business. His successor shall withhold a sufficient amount of the purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until the former owner produces a receipt from the Tax Commissioner showing that the taxes, interest, and penalties have been paid, or a certificate indicating that no taxes are due. If the purchaser of the business or stock of goods fails to withhold purchase money, he shall be personally liable for the payment of the taxes, interest, and penalties accrued and unpaid during the operation of the business by the former owner."

In our opinion, Section 5739.14, Revised Code, does not relieve the seller of liability for taxes which accrued upon sales of goods made prior to the transfer of the business. Accordingly, appellant is liable for any unpaid taxes on transactions within the period from May 1, 1962, to May 10, 1963.

On the other hand, it is apparent that the statute imposes liability only for "sales made prior" to the time a person sells or quits his business. It does not purport to impose liability *after* the person has sold or quit. During argument, counsel for the state conceded that no such liability existed under the statute, and he declined to suggest any basis for imposing it. Yet the assessment levied here extends to June 30, 1964. That is obviously erroneous even if by some stretch of the evidence the transfer of the business was assumed to be May 1964.

The government should never knowingly permit an improper and excessive assessment, regardless of whether the taxpayer is aware of his rights. We assume that this was an oversight on the part of all concerned.

The order of the board being neither lawful nor reason-

able will be reversed and modified to limit the assessment against appellant Polli to the period from May 1, 1962, to May 10, 1963, and the cause remanded for recomputation of the assessment against him.

*Judgment accordingly.*

BRYANT, P. J., and DUFFY, J., concur.