# 456

In re Georgia Arlene DAVIS, Bankrupt.

Boyd L. DAVIS, Plaintiff,

v.

Georgia Arlene DAVIS, Defendant.

Bankruptcy No. B2 79–1615.

United States Bankruptcy Court,
S. D. Ohio, E. D.

Oct. 29, 1980.

Ronald B. Noga, Columbus, Ohio, for plaintiff.

James L. Mann, Columbus, Ohio, for defendant.

### OPINION AND ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the complaint filed by Boyd L. Davis to determine the dischargeability of certain obligations owed to him by Georgia Arlene Davis, his ex-wife and the bankrupt herein. The matter was tried to the Court on its merits and has been submitted to the Court for decision.

The Court finds the following facts. Boyd Davis and Georgia Davis were married for 27 years, from 1951 to 1978. During a portion of this time Mr. Davis, with the assistance of the bankrupt, operated a proprietorship known as The House of Clocks. The operation of this business included the sale of new clocks for which the appropriate Ohio sales tax was collected at the time of the sales.

In May of 1978, Mr. and Mrs. Davis were divorced. The separation agreement, which was incorporated into their divorce decree, specified that Mrs. Davis was to "retain as her own, free and clear from any claim by [Mr. Davis] all rights, title and interest in

the business and assets of the proprietorship known as The House of Clocks..." In return, Mrs. Davis was to assume and "pay all debts, liabilities, and obligations" of the business whether then currently owing or to become due and owing at some subsequent date. Mrs. Davis was also to retain "as her sole and exclusive possession, free and clear from any claim by [Mr. Davis]" certain antique clocks. The separation agreement further stated that Mr. Davis was not to pay any alimony to Mrs. Davis.

Georgia Arlene Davis filed her petition in bankruptcy on June 8, 1979, and was duly adjudicated a bankrupt. Mr. Davis filed a claim in her bankruptcy proceeding for $26,295.73, based in part upon a debt for sales taxes which was owed to the State of Ohio and which was to have been paid by Mrs. Davis pursuant to the separation agreement, and in part on other debts she had agreed but failed to pay. Mr. Davis, as the holder of the vendor's license for the business at the time the merchandise was sold, had received notices of assessment from the State of Ohio Department of Taxation. These taxes have not been paid to date with the exception of two payments of $100.00 paid by Mr. Davis.

In October of 1978 Mrs. Davis sold one of the antique clocks she had received in the divorce settlement. Mr. Davis helped her to sell the clock by talking to the prospective buyer. Mr. Davis has testified that Mrs. Davis assured him that, if he helped to sell the clock, she would use the proceeds of that sale to pay a portion of the state sales tax liability. Mrs. Davis, in her defense, stated that Mr. Davis had helped to sell the clock, but that she had made no firm agreement to use the proceeds for payment of the tax bill. She stated that she was aware of her responsibility to pay the past due sales taxes, and that she had intended to apply the proceeds from the clock sale to the tax debt. In her view, Mr. Davis' assistance with the clock sale was not conditioned upon use of the proceeds for the tax debt. The proceeds from the clock sale were in fact used for living expenses, and the tax debt was not paid. On the basis of the relevant provisions in the divorce de-

cree, Mr. Davis is seeking to have the tax debt declared nondischargeable as a debt owed for taxes to the State of Ohio within three years of bankruptcy. See, Section 17(a)(1) of the Bankruptcy Act of 1898 [formerly 11 U.S.C. § 35(a)(1)]. Mr. Davis further asserts that the debt is nondischargeable because Mrs. Davis committed fraud while acting in a fiduciary capacity when she used the funds from the clock sale for expenses other than the tax debt. See, § 17(a)(4) of the Bankruptcy Act of 1898 [formerly 11 U.S.C. § 35(a)(4)]. Mr. Davis finally asserts that the debt is nondischargeable because it represents nondischargeable alimony owed to him by his ex-wife. See, § 17(a)(7) of the Bankruptcy Act of 1898 [formerly 11 U.S.C. § 35(a)(7)].

■ The first issue before the Court is the assertion that the debt owed by Mrs. Davis is a debt for a tax liability due within three (3) years of her bankruptcy. The relevant part of § 17(a)(1) of the Bankruptcy Act of 1898, which governs the disposition of this case, provides that:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as ... (1) are taxes which became legally due and owing *by the bankrupt* to the United States or *to any State* or any subdivision thereof within three years preceding bankruptcy." (emphasis added) 11 U.S.C. § 35(a)(1) (now repealed).

To come within the provisions cited above, the plaintiff must show that the tax debt was owed to the state by the bankrupt. No evidence has been presented to the Court that the business known as The House of Clocks ever operated as a partnership such that there would be joint liability for the sales taxes accruing prior to the transfer of the business to Mrs. Davis. The separation agreement which is part of the record of this proceeding refers to the business as a proprietorship. The vendor's license issued by the State of Ohio was solely in Mr. Davis' name prior to the divorce decree. Furthermore, the tax assess-

ments which are part of the record show assessments by the State of Ohio against Mr. Davis only. This Court therefore finds that Mrs. Davis has no original tax liability to the State of Ohio for any sales taxes due from The House of Clocks before the date of her divorce from Mr. Davis. Had she had original liability which Mr. Davis had undertaken to pay, he could have attempted to assert a priority status for his claim based upon principles of subrogation. *See, Gilbert v. United States Fidelity and Guaranty Co.*, 180 F.Supp. 794 (M.D.Ga.1959), aff'd 274 F.2d 823 (5th Cir. 1960). *Contra, In Re Trakan*, 3 Bankr.L.Rep. (CCH) ¶ 67,-606 (9th Cir. 1980). However, without such liability, the debt cannot fall within the ambit of § 17(a)(1) of the Bankruptcy Act of 1898. The divorce decree did not create a liability of Mrs. Davis to the State of Ohio.

■ The State of Ohio has not asserted any claim against Mrs. Davis in this proceeding. While absence of a claim is not conclusive, it may be indicative of the view taken by the State. The situation and the concomitant responsibilities can be analogized to the purchase of a business in Ohio. Although Ohio Revised Code § 5739.14 places personal liability upon a buyer of a business for taxes formerly owed by the business, it does not eliminate the original liability of the vendor. *Meglen v. Donahue*, 8 Ohio App.2d 37, 220 N.E.2d 697 (1966). Furthermore, the contractual debt between the buyer and the seller of the business does not change the debt of the buyer, which is a statutory and contractual debt, into a tax debt. If the seller of the business pays the pre-sale tax debts, he has the right to go against the buyer for reimbursement, but the State of Ohio does not have a nondischargeable tax debt in the bankruptcy proceeding of the buyer. *In Re Harper*, No. B2 74–2886 (S.D.Ohio, 1979) (unpublished). Further, the granting of a business to a wife in a divorce proceeding is not a "sale" and therefore the transaction in this case is not brought under the ambit of O.R.C. § 5739.14. Cf. *State v. Standard Oil Co.*, 39 Ohio State 2d 41, 313 N.E.2d 838 (1974). The provision, embodied in the separation agreement and incorporated in the divorce decree, which places upon Mrs. Davis the liability for past sales taxes due to the State of Ohio from The House of Clocks proprietorship, created a debt to Mr. Davis from Mrs. Davis. This is a debt, but not a tax debt, and as a non-tax debt, the provision of § 17(a)(1) excepting certain tax debts from discharge is not applicable. *In Re Corson Furniture Co. Inc.*, 46 F.Supp. 678 (S.D.N.Y.1942) and *In Re Hunter Hotel Enterprises, Inc.*, 44 F.Supp. 613 (S.D.N.Y. 1940).

■ Davis next asserts that § 17(a)(4) of the Bankruptcy Act of 1898 establishes nondischargeability of the debt owed him by Georgia Davis. That section provides in relevant part:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity;" 11 U.S.C. § 35(a)(4) (now repealed).

For § 17(a)(4) to apply, Mr. Davis will have to first show the existence of a fiduciary capacity. *Crawford v. Burke*, 195 U.S. 176, 25 S.Ct. 9, 49 L.Ed. 147, 12 Am.B.R. 659 (1904). In support of this allegation, he states that the proceeds of the clock sale were to be set aside for the payment of the tax debt. He claims that in selling the clock, Mrs. Davis became a trustee as to the proceeds received, and that her non-payment of the tax debt with these proceeds shows fraud or misappropriation by a fiduciary.

■ Mrs. Davis has raised the Statute of Frauds, codified in Ohio Revised Code § 1335.05, as an affirmative defense to this charge. O.R.C. § 1335.05 states:

"No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; . . . unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed

by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

It is the opinion of this Court that the Statute of Frauds is not applicable to the agreement here between Mr. and Mrs. Davis. Viewing the agreement as a suretyship agreement upon which Mr. Davis will remain primarily liable, Mrs. Davis' promise to pay the tax debt might be non-enforceable by virtue of the Statute of Frauds except that the agreement was made for her own business benefit. Such a purpose takes the agreement out of the Statute of Frauds. *Wilson Floors Co. v. Sciota Park, Ltd.*, 54 Ohio St.2d 451, 377 N.E.2d 514 (1978). In addition, the embodiment of the agreement into the separation agreement, which was part of the record in the state court of Common Pleas, serves as a written memo of the agreement which satisfies the Statute of Frauds. *Huston v. Cincinnati and Zanesville Railway Co.*, 21 Ohio St. 235 (1871). If the agreement is not that of a surety (which is the case if the debt is an original tax debt as to Mrs. Davis), she is not assuming to pay the debt of another and the Statute of Frauds does not apply. *Ferrell v. Maxwell*, 28 Ohio St. 383 (1876). This Court therefore holds that the Statute of Frauds is not a bar to the proof sought to be introduced relating to the existence of a fiduciary relationship between Mr. and Mrs. Davis.

■■■■ Fiduciary capacity has been defined by the Courts as requiring a technical or express trust, rather than a trust implied through a contract. *Schlecht v. Thornton (In Re Thornton)*, 544 F.2d 1005 (9th Cir. 1976). The decision as to whether a technical or express trust has been created will be governed by federal law. Even if a trust has been created under state law, the Bankruptcy Court has a special duty to decide whether or not it is a trust for purposes of the Bankruptcy Act. *Schlecht v. Thornton (In Re Thornton)*, 544 F.2d 1005 (9th Cir. 1976). The facts of each case will be determinative. *Grissom v. Consumers Money Order Corp. of America (In the Matter of Grissom)*, 345 F.Supp. 316 (D.Col. 1972). If a trust is created, it must exist

before the incident creating the debt and separate from it. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934).

■■■■ To create an express or technical trust requires sufficient words to create a trust, a definite subject, and a certain and ascertained object or res. 89 *C.J.S.* Trusts § 22, 734–35. The separation agreement between Mr. and Mrs. Davis created no specific fund out of which the past sales taxes were to be paid. The clause awarding Mrs. Davis the antique clocks specifically states that the clocks are to be hers "free and clear from all claims of [Mr. Davis]." No written agreement has been introduced into the record setting apart the proceeds from the sale of any of the clocks. Without a specific statutory duty or a specific agreement and without a specific fund set apart by more than precatory words or promises, there can be no fiduciary capacity created. *See Pomfrey v. Powell (In Re Powell)*, 3 B.C.D. 410 (E.D.Va.1977).

The Court finds that no fiduciary capacity existed between Mr. and Mrs. Davis as that term is used in § 17(a)(4) of the Bankruptcy Act of 1898. Without such a relationship it is not necessary for the Court to consider whether fraud or misappropriation has been shown. *Crawford v. Burke*, 195 U.S. 176, 25 S.Ct. 9, 49 L.Ed. 147, 12 Am. B.R. 659 (1904).

■■■■ The final provision relied upon by Davis to show that the debt owed him by Georgia Davis is nondischargeable is § 17(a)(7) of the Bankruptcy Act of 1898. Section 17(a)(7) states that:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . .

(7) are for alimony due or to become due or for maintenance or support of wife or child . . ." 11 U.S.C. § 35(a)(7) (now repealed).

The Court finds no evidence in the record to support this assertion. The only express language in the separation agreement

states that Mr. Davis is to pay no alimony to Mrs. Davis. No mention is made of alimony to Mr. Davis and no evidence exists in the record to support a finding that an award of alimony was made or intended. Therefore, the Court finds this assertion to be without merit.

Based upon the above findings, the Court finds that the plaintiff, Boyd Davis, has failed to show that the debt owed him by the bankrupt, Georgia Davis, is nondischargeable as a tax debt, as a debt incurred through the fraud of one in a fiduciary capacity, or as an award for alimony. The Court therefore finds that the debt owed to Davis by the bankrupt is, and the same shall be, hereby declared dischargeable in bankruptcy.

IT IS SO ORDERED.